### THE STATE v. NICHOLS.

1. **Criminal law:** INDICTMENT: FORGERY. It is proper to charge in one indictment the forgery of a paper and the uttering of it as genuine.

2. ———: EVIDENCE: QUESTION OF FACT. Under an indictment charging the forgery of the signature, the instrument is admissible and the jury must determine whether or not the act of the defendant is an attempt to imitate the signature as charged.

3. **Appeal:** INSTRUCTIONS: ABSTRACT. When objection is made to instructions and the abstract sets out only parts of them, no question is presented for the determination of this Court.

*Appeal from Blackhawk District Court.*

THURSDAY, MARCH. 19.

ON the 1st day of June, 1872, an indictment was presented against defendant containing two counts.

The first count charges that defendant on the 12th of December, 1871, did feloniously and with intent to defraud falsely make, counterfeit and forge the following instrument:

"$60. LAPORTE CITY, Dec. 12, 187

Received of Elwell & Ingersoll, Bankers, on account of J. Mills, sixty dollars.

No. 75. WRIGHT & WHALEY."

The second count charges that defendant, on the 12th of December, 1871, did feloniously utter and publish as true and genuine a forged and counterfeit instrument in writing, described the same as the above. Before pleading, defendant file his

motion to quash the indictment or compel the State to elect upon which count it would proceed to trial, upon the ground that the indictment charges two distinct and separate offenses. This motion was overruled. There was a jury trial, and verdict of guilty on the second count. Motion for new trial overruled and judgment on the verdict. Defendant appeals.

*Bois, Allen & Couch*, for appellant.

*M. E. Cutts, Attorney General*, for the State.

DAY, J.—I. That it is proper to charge in an indictment the forgery of a paper, and the uttering of it as genuine, see *State v. Farris*, at the present term; *State v. McPherson*, 9 Iowa, page 53.

1. CRIMINAL LAW: indictment: forgery.

II. When the instrument alleged to have been forged was offered in evidence, the defendant objected on the ground that it was signed Wright Whaley, instead of Wright & Whaley. The court overruled the objection, and it is urged that this ruling was erroneous. In order that we might determine the merits of this objection, we have examined the paper alleged to be forged, which is attached to the transcript, and have compared the signature with one proved, upon the trial, to be the signature of Wright & Whaley. The genuine signature of Wright & Whaley is peculiar, the & being attached to the W. in Whaley, and, upon a casual observation, appearing to be a part of it. The signature alleged to be forged, appears to us to be a bungling attempt to imitate this genuine signature.

2. ——: evidence: question of fact.

Whether or not it was such, was a question of fact for the jury, and in order that they might determine this question, the paper was properly admitted in evidence.

III. Objection is urged to the instructions given. The abstract does not, so far as we can discover, purport to set out in full a single instruction given. It sets forth what seem to be parts or sentences, of various instructions which are claimed to be erroneous. It does not appear but that the portions complained of were modified and

3. APPEAL: instruction: abstract.

limited by other instructions or by other parts of the same instructions. We are unable from the abstract to get a clear view of the charge of the Court, or to determine affirmatively that it contains error to the prejudice of defendant.

AFFIRMED.