## THE STATE v. MCCORMACK.

1. **Criminal Law:** INDICTMENT: CHARGING TWO OFFENSES. The crimes of forgery and of uttering forged paper are distinct and separate offenses and cannot both be charged in one indictment. *The State v. Nichols*, 38 Iowa, 110, overruled.

*Appeal from Clarke District Court.*

### WEDNESDAY, OCTOBER 5.

THERE are two counts in the indictment. The first charges that the defendant did feloniously, and with intent to defraud, falsely make, forge, and counterfeit a certain check, purporting to be signed by D. H. Porter, and the second that the defendant, with intent to defraud, uttered and published as true the check aforesaid.

The defendant demurred to the indictment, which was overruled. Whereupon he moved the court to require the State to elect upon which count the defendant should be tried, which was also overruled.

There was a trial by jury, verdict guilty, and judgment. The defendant appeals.

*W. M. Wilson* and *Copenheffer & Demming*, for appellant.

*Smith McPherson*, Attorney General, for the State.

SEEVERS, J.—It is provided by statute: " The indictment must charge but one offense, but it may be charged in different forms to meet the testimony, and if it may have been committed in different modes and by different means the indictment may allege the modes and means in the alternative * * * *" Code, § 4300.    It makes no difference under the statute whether the offenses are charged in the same or different counts.    For if more than one offense is charged the indictment is bad.

We have had occasion to construe this statute several times. See *The State v. Fidment*, 35 Iowa, 541; *State v. Rhodes*, 48 Id., 702; *The Same v. Ridley & Johnson*, Id., 370.: *State v. McFarland*, 49 Id., 99; *State v. Thomas*, 53 Id., 214.

The question for determination is whether the indictment charges more than one offense.    The Attorney General does

1. CRIMINAL law: indictment: charging two offenses. not in terms claim but a single offense is charged; but he insists this court has held that forgery, and uttering and publishing as true the forged instrument, may be charged in the same indictment.    In support of this proposition the *State v. McPherson*, 9 Iowa, 53; *State v. Furr*, June Term, 1874, and *State v. Nichols*, 38 Iowa, 110, are cited.

The indictment in the last case is precisely like the one before us and both are based on the same statutes.    It was held to be sufficient under the authority of the two other cases cited,    under the supposition all were alike and we were bound by the former decisions.    We are now constrained to say the assumption there was no difference between the two first and the last case was a mistake.

The indictment in the *State v. McPherson* was found un-

der § § 5634 and 5635 of the Code of 1851, which are identical with sections 3925 and 3926 of the Code. There were three counts in the indictment. "The first was for counterfeiting silver coin * *; the second for having in possession at the same time five pieces of false coin, knowing the same to be false, with intent to utter and pass, and the third for having less than five pieces of such coin with the same intent." The court said: "A defendant cannot be charged with two distinct offenses in a single count of an indictment;" but that the indictment is sufficient "where several counts are introduced solely for the purpose of meeting the evidence as it may transpire, the charges being substantially the same offense." And it was held that a charge of counterfeiting coin and having the same in possession with intent to utter did not constitute two distinct offenses, and therefore could be well united in the same indictment. This case does not meet the requirements of the one before us, because in the present case there is the charge the defendant uttered and published as true the forged instrument. It seems to us this is a different and distinct offense, and that it is not included in the crime of forgery. Both are defined and punished under different sections of the Code, and in a statutory sense the uttering is the greater offense, the punishment therefor being imprisonment in the penitentiary not exceeding fifteen years, and a fine not exceeding one thousand dollars. Code, § 3918. For forgery the punishment is imprisonment not exceeding ten years. Code, § 3917.

The *State v. Farr* follows the McPherson case, the indictment being in substance and legal effect the same. And the uttering is a distinct, additional and independent fact not essential to be established to obtain a conviction for uttering to establish the defendant is guilty of forgery. We think the offenses are distinct, independent, and cannot, under the statute, be united in the same indictment.

REVERSED.