STATE v. HENRY.

59  391<br>96  306

1. **Indictment**: DUPLICITY: FORGING AND UTTERING FORGED PAPER. Forging and uttering forged paper are two distinct offenses, and cannot be charged in the same indictment:—following *State v. McCormick*, 56 Iowa, 585.

2. ———: ———: ERROR WAIVED. The objection that an indictment was bad for duplicity cannot be first raised in this court.

3. ———: ———: SENTENCE MODIFIED. In view of the fact that appellant's counsel may have waived rights by relying on *State v. Nichols*, 38 Iowa, 110, which had been recently overruled in *State v. McCormack*, 56 Iowa, 585, the sentence of defendant was modified and limited to the four years imposed upon the first count of the indictment.

*Appeal from Floyd District Court.*

FRIDAY, SEPTEMBER 22.

AN indictment in two counts was presented against the defendant, charging him in one count with forging a note of

$100, and in the other count with uttering as true the said forged promissory note. The defendant pleaded not guilty, and at the March term, 1881, was tried and convicted on both counts, and sentenced, on the first count to imprisonment for four years, and on the second count to imprisonment for two years, to commence at the expiration of the four years term. The defendant appeals.

*J. S. Root,* for the appellant.

*Smith McPherson, Attorney-general,* for the State.

DAY, J.—In *State v. McCormack,* 56 Iowa, 585, this court overruling *State v. Nichols,* 38 Iowa, 110, held that the forging and the uttering of forged papers could not be united in the same indictment. The decision in *State v. McCormack,* was announced in April, 1881, which was after the trial of this cause in the court below. In this case the defendant's attorney, following probably the rule announced in *State v. Nichols,* interposed neither demurrer, motion to require the State to elect on which count it would proceed, motion in arrest of judgment, objection to evidence, objection to sentence, nor motion for a new trial. The defendant waived the objection, which he might have urged, that the indictment charged two offenses, and went to trial upon an indictment charging in different counts offenses which should have been presented in two indictments. It is now urged that no legal conviction could be had upon the indictment because of its duplicity. We are of the opinion that this question cannot be for the first time raised in this court. See *State v. Groome,* 10 Iowa, 308; see, also, *Knoll v. The State,* 12 N. W. Rep., 369.

I. Appellant's counsel asks that if the fact of the duplicity in the indictment cannot avail to secure the defendant's release, it be taken into consideration in determining an application which he makes to have the sentence reduced. In view of the fact that appellant's counsel, may have waived rights upon which he might have insisted, because of the ru-

ling in *State v. Nichols, supra*, we are of the opinion that the judgment of the court should be so far modified as to impose a sentence of four years alone, upon the first count of the indictment. Thus modified, the judgment is

AFFIRMED.