## MARY CAREW v. SALMON S. MATHEWS.

*Husband and wife—Levy on wife's goods on execution against the husband.*

Execution against a husband was levied on goods found in a store of which his wife claimed to be in possession as her own.   The husband had another store from which similar goods had been removed to the wife's some time before the levy.   The wife was assisted by a person who had formerly been in the husband's employ.   In an action of replevin by the wife against the officer who made the levy, a witness for defendant testified that he had been book-keeper for the husband and had heard the husband and the wife's assistant talking about making arrangements to open a store where the wife kept hers, and that they finally opened it under the wife's name *Held* proper to ask him what he heard said between them about it.

He also testified that the husband received the cash and managed the business ; that some of the stock in the husband's store was sent to the wife's by the husband, and that he did not remember seeing any money pass between husband and wife for such goods.   *Held* proper to ask him whether any goods were sent without a minute being made of them by the husband's direction.

Where a husband and wife were keeping separate stores, and goods in the wife's store were levied upon under an execution against the husband, and it appeared that similar goods had been removed thereto from the husband's store, and replevin was brought by the wife, it was *held* unimportant whether the goods levied upon were the same that had been removed, if the proceeds of the latter had been used to keep up the wife's stock.

The fact that a wife has put money or goods into her husband's business will not prevent a levy thereon under an execution against the husband.

Error to Wayne.   Submitted Oct. 5.   Decided Oct. 18.

REPLEVIN.   Defendant brings error.   Reversed.

*Julian G. Dickinson* for appellant.

*Jno. D. Conely* for appellee.

MARSTON, J.   The defendant by virtue of an execution against the husband of the plaintiff levied upon certain chests of tea, in a store which the plaintiff claimed to be in possession of, and removed the same therefrom.   The plaintiff thereupon as owner of the goods taken brought an action of replevin therefor, and obtained a verdict and judgment in her favor.   The defendant assigns error.

'The defendant upon the trial claimed, and introduced evidence tending to prove, that the property taken belonged to the execution defendant; that the plaintiff's claim was a fraudulent one, made in order to cover up the goods and prevent their being levied upon by the execution creditors of her husband; that this store was stocked by the execution debtor and that the business and stock was his and not that of his wife.   It also appeared that some time prior to the levy, the execution debtor had a store on Jefferson avenue where he was carrying on business and had been for some time, and that a part of the goods, teas, in the Jefferson avenue store had been transferred or sent over to this store which the plaintiff claimed, and that a Mr. Leithead, who had been in his employ, assisted him in the store of the plaintiff.

William H. Fisher was sworn as a witness on the part of the defendant, and testified that he had been in John H. Carew's, the execution debtor's, employ in the store on Jefferson avenue until it was closed; that he was book-keeper, and recollected the store being opened in the name of M. Carew, the store where the levy was made; that he first saw Mr. Carew and Mr. Leithead there talking about making arrangements about starting a store over there, and they finally opened the store under the name of M. Carew.

This witness was then asked: "What did you hear said between John H. Carew and Mr. Leithead about it?" This was objected to for the reason that Mrs. Carew was not present, and the objection sustained. He then testified that Mr. Carew received the cash in this store and managed the business and that some of the Jefferson avenue stock was transferred to this store, sent there by Mr. Carew, and that he did not remember of seeing any money pass between Mr. and Mrs. Carew for any such goods. He was then asked: "You have testified with regard to the business being run on Michigan Grand avenue (plaintiff's store): will you state whether there were any goods sent from the store on Jefferson avenue down to this store, without a minute being made of them, by direction of John H. Carew?" This was objected to and the objection sustained, unless it should appear that such goods or a part of them were the goods levied upon.

In *Flanigan v. Lampman* 12 Mich. 58, where a voluntary assignment for the benefit of creditors was attacked for fraud, it was held that the most liberal rules should prevail for the admission of any evidence which might tend to prove the fraud; that possession of the assigned property, or his control over it, after the assignment, would have a strong bearing upon the intent with which it was made; and this has been followed in subsequent cases.

In *Leland v. Collver* 34 Mich. 427, under circumstances somewhat like the present case, statements made by the husband were held admissible, and it was said that where husband and wife are engaged in business, he having control thereof, his conduct and statements, unless foreign to the issue, would be admissible. So also in *Judge v. Vogel*, 38 Mich. 569, all the facts and circumstances bearing on the good faith of an alleged change of ownership from husband to wife, it was held should be admitted where the rights of his creditors were involved.

Within the principle of these cases the questions asked should have been permitted.

The answers, if given, as we must assume they might

have been, would certainly have tended to show that the execution debtor's goods went into this store, that the plaintiff had paid nothing therefor, and that the execution debtor was managing the businesss and receiving the proceeds thereof as his own. The fact that the identical goods, taken from the debtor's store, were not the goods levied upon, would make no difference. If the proceeds thereof were used to keep up the stock, the new goods would be none the less liable to the payment of his debts. The real question was not where the particular goods levied upon had been obtained, but rather whether an interest in the execution defendant to those goods could be so traced as would give his creditors the right to levy upon them. This the evidence tended to show and the questions asked should have been answered. Whose business was this? If John H. Carew's, the mere fact that his wife had put money or goods therein would not prevent a levy.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.