State v. Kegan.

*Brown & Dudley*, for appellant.

*Wright, Cummins & Wright*, for appellee.

---

STATE v. KEGAN.

1. **Indictment:** ROBBERY. An indictment which charges that the defendant made an assault upon one L., "and with force and violence unlawfully and feloniously did steal, take and carry away from the person of the said L. four $20 bills," etc., sufficiently charges the crime of robbery.

2. **Criminal Practice:** INSTRUCTIONS AS TO OFFENSES INFERIOR TO THE ONE CHARGED. Where a person is charged with a crime which in its nature includes inferior offenses, and the evidence is such that the jury might find the defendant guilty of an inferior offense, the court should so instruct as to enable the jury to find according to the evidence.

*Appeal from Clinton District Court.*

FRIDAY, OCTOBER 19.

THE defendant was indicted for the crime of the robbery

of one Sam Lee. Verdict and judgment were rendered against him, and he appeals to this court.

*J. S. Darling* and *A. R. McCoy*, for appellant.

*Smith McPherson, Attorney-general,* and *H. H. Benson,* for the State.

ADAMS, J.—I. The defendant moved in arrest of judgment, on the alleged ground of the insufficiency of the indictment. It is urged that the indictment fails to show that the assault was feloniously made, and fails to show that the money was carried away with the felonious intent to permanently convert the same, and fails to show that the money was taken without Lee's consent.

The indictment charges that the defendant made an assault upon Sam Lee, "and with force and violence unlawfully and feloniously did steal, take and carry away from the person of the said Sam Lee four $20 bills," etc.

In our opinion the objections are not well taken. Whoever with violence feloniously steals and takes money from the person of another, makes a felonious assault, and converts the money without the consent of the owner, and commits the crime of robbery.

II. The court instructed the jury that, if they should find the defendant guilty, the form of their verdict would be, "We, the jury, find the defendant guilty." The jury rendered their verdict in this form. The meaning of the verdict was, of course, that the defendant was guilty of robbery as charged. The evidence tends strongly to show that the defendant was not guilty of robbery, but was guilty of an assault and battery, either with or without an intent to commit robbery. Where a person is charged with a crime which in its nature includes inferior offenses, and the evidence is such that the jury might possibly find the defendant guilty of one of the inferior offenses, the court should instruct in regard to such inferior offenses, and allow the

jury to find according to the evidence. *State v. Walters,* 45 Iowa, 390; *State v. Vinsant,* 49 Iowa, 244; *State v. Glynden,* 51 Id., 463; *State v. Clemons,* Id., 278.

The court below appears to have given no instruction in regard to the inferior offenses necessarily included in the crime of robbery. We think it should have done so, at least so far as there was any ground in the evidence, and the jury should have been allowed to find according to the evidence. The case must be remanded for another trial.

REVERSED.