STATE OF IOWA V. A. W. BROWN, *et al.*, Appellants.

**Former Acquittal** of the charge of compelling defilement—Code, section 3683—is no bar to prosecution for conspiracy to injure the person of the same woman, etc.,—Code, 4087—though both indictments rest on the same facts.

**Privileged Communication.** A minister may testify as to voluntary statements made to him by one accused of crime, in justification of himself.

*Appeal from Washington District Court.*—HON. D. RYAN, Judge.

WEDNESDAY, OCTOBER 2, 1895.

The defendants were convicted of the crime of conspiracy, and each was adjudged to be imprisoned in the penitentiary at Ft. Madison for the term of three years. From that judgment they appeal.—*Affirmed.*

*H. M. Eicher* for appellant Brown.

*J. F. Henderson* for appellant Fernald.

*Milton Remley*, attorney general, for the state.

Robinson, J.—The defendants are A. W. Brown and P. A. Fernald.   The indictment on which they were tried and convicted  charges them with the crime of conspiracy, committed one-fourth of a mile south-west of Wellman, in Washington county, on or about the twenty-fourth day of July, 1890, "to injure the person of one Etta Jones, and to do an act injurious to the public morals."   The indictment further charges that the defendants "verbally agreed that said P. A. Fernald should procure said Etta Jones, and, in the night time, take her to a place where said Brown should meet them, and keep himself concealed while said Fernald should have intercourse with said Etta Jones, after which said Brown would make himself known, and, by threats to publish the same, induce the said Etta Jones to submit to sexual intercourse with said Brown; that said Brown and Fernald then and there, wrongfully and feloniously, did make an assault upon the body and person of her, the said Etta Jones, and said Brown, with force, carnally knew her, and did injure the said Etta Jones, and did an act injurious to the public morals."

I.   To the indictment above set out the defendants entered a plea of not guilty, and, in writing, pleaded a former acquittal.   That plea was based upon a trial and acquittal on an indictment which reads substantially as follows:   "The grand jury of the county of Washington, Iowa, accuse P. A. Fernald and A. W. Brown of the crime of compelling a woman to be defiled against her will, committed as follows:   "The said P. A. Fernald and A. W. Brown, on

July 24, 1890, in the county of Washington, Iowa, did
unlawfully and feloniously, and against her will, take
one Etta Jones, and, with force, menace, and duress,
compel her, the said Etta Jones, to be defiled by him,
the said A. W. Brown, and said P. A. Fernald; and A.
W. Brown did then and there, unlawfully and feloni-
ously, by force and menace, threaten her, the said Etta
Jones, that unless she would surrender up her person
to the said A. W. Brown, and be by him defiled and
carnally known, he, the said A. W. Brown, would circu-
late defamatory and scandalous reports, charges, and
stories of and concerning her, the said Etta Jones, and,
by force, menace, and duress, did put said Etta Jones
in fear, and against her will, feloniously and unlaw-
fully, did then and there compel her, the said Etta
Jones, to be defiled and carnally known." There was
a trial on that indictment, which resulted in the taking
of the case from the jury by the court. An appeal
was taken by the state, and determined by an opinion
reported in 88 Iowa, 554 [55 N. W. Rep. 534.] To the plea
of former adjudication the state filed a demurrer,
which was overruled. As one of the grounds of the
demurrer, it was stated, in substance, that the plea did
not show an acquittal of the crime of conspiracy. Not-
withstanding the ruling on the demurrer, the court
refused to permit the defendants to introduce in evi-
dence the record of the trial alleged to have resulted
in the adjudication pleaded, and instructed the jury
that there was nothing in the plea of former adjudica-
tion for them to consider. Of that ruling and instruc-
tion the appellants complain. It was within the power
of the court to change its ruling during the trial, and it
is only important to consider the rejection of the evi-
dence and instruction to the jury on their merits, and
we need not determine whether the ruling on the
demurrer was correct. We are of the opinion that

the evidence rejected did not show a former adjudication. It is true, it contained a copy of the indictment on which the former trial was had; but that charged the offense of compelling a woman to be defiled against her will, under section 3862 of the Code, while the defendants were on trial for the offense of conspiracy, under section 4087 of the Code. The offenses are entirely separate and distinct, although those involved in this and the former case grew out of the same transaction. The indictment in the former case charged the compelling of the defilement,—an offense which could have been committed without the aid of a conspiracy. The indictment in this case charges the crime of conspiracy,—an offense which could have been committed even though its object had not been accomplished. The crime is completed when the conspiracy is formed. *State v. Savoye*, 48 Iowa, 565. The indictment for conspiracy charges the commission of the act which formed the object of the conspiracy, and thus sets out matter which appeared in substance in the former indictment. But it is common, although not necessary, practice to set out the act for which the conspiracy was formed, when it has been committed, in aggravation of the offense charged; yet, when that is done, it does not follow that anything more than the conspiracy was designed to be charged. *State v. Ormiston*, 66 Iowa, 146 [23 N. W. Rep. 370]. In this case it is clear that no claim for conviction on account of the overt act is made.

II. The appellants complain of the ruling of the court in permitting a minister of the gospel, named Potter, to testify to a conversation he had with the defendant Fernald. It is claimed that the conversation was privileged, under section 3643 of the Code, which contains the following: "No * * * minister of the gospel nor priest of any denomination shall be allowed in giving testimony to

disclose any confidential communication properly entrusted to him in his professional capacity, and necessary and proper to enable him to discharge the functions of his office according to the usual course of practice or discipline." Potter resided in Wellman. Fernald, who appears to have been a church member, knew him, but was not a member, nor a regular attendant, of his church. After the affair of the defendants, with Miss Jones had become known, in May, 1892, Potter and Fernald casually met at a railway station, and, while waiting for a train, had the conversation in question. Each asked the other where he was going, and Fernald stated that he was going to Sigourney, on account of his trouble, and asked Potter if he had heard of it. On being answered in the affirmative, he proceeded to give his version of it, in part. The account included his relations with Miss Jones, and the steps which led to their sexual intercourse, and appears to have been intended as a partial justification of his conduct. It did not include any reference to the alleged conspiracy and defilement. What he thus said was not of a confidential nature, and was not told for the purpose of obtaining the advice or assistance of the minister, and the latter was properly required to repeat it as a witness. After giving his side of the case, Fernald asked Potter his opinion in regard to certain matters which he stated, and for spiritual assistance and comfort; and those matters were treated by the court as privileged, and no testimony in regard to them was required. It is proper to say, in this connection, that Fernald voluntarily testified to facts more damaging to his interests than anything stated by the minister. We find no error in the rulings of the court in regard to the testimony of the latter.

III. We fail to discover any prejudicial error in the proceedings, as shown by the record and submitted to us. The evidence tending to show the guilt of the

defendants is ample to sustain their conviction, and no cause for reducing the punishment of either, as fixed by the district court, is shown. The judgment of that court is therefore *affirmed*.