## State of Iowa v. Robert Callahan, Appellant.

**Indictment: robbery:** *Duplicity.* An indictment charged that 1 defendant, being armed, assaulted one with intent to kill him if he resisted; that they put him in fear of his life and robbed him of certain property. *Held,* the crime of robbery is sufficiently charged and the indictment is not bad for duplicity.

**Practice Supreme Court.** Duplicity in an indictment cannot be first 2 urged on appeal.

5 SAME. Nor objection to the instructions.

**Evidence** as to identity held sufficient to sustain verdict, notwith- 3-4 standing an *alibi.*

*Appeal from Polk District Court.*—Hon. W. F. Conrad, Judge.

Wednesday, December 11, 1895.

The defendant, Robert Callahan, was convicted of the crime of robbery, and from the judgment which required him to be imprisoned in the penitentiary in Fort Madison for the term of ten years, he appeals.—*Affirmed.*

*Mackenzie & Dewey* for appellant.

*Milton Remley,* attorney general, and *Jesse A Miller* for the state.

Robinson, J.—I. The appellant and two others were indicted jointly for the crime of robbery, which is charged in the indictment to have been committed as follows: "The said Jack Kelley, Jeff Osborn, and Robert Callahan, on the sixth day of January, 1893, in the county of Polk aforesaid, the said defendants being then and there in the city of Des Moines, Polk county, Iowa, and they, the said defendants, then and there being armed with dangerous weapons, to-wit, with revolvers, with the felonious intent then and there to kill and maim one E. G. Cless, then and there, if he, the said E. G. Cless, should resist them, the said defendants, and the said defendants then and there being armed, as aforesaid, with the felonious intent aforesaid, did then and there willfully and unlawfully in and upon one E. G. Cless feloniously make an assault, and the said E. G. Cless in bodily fear and danger of his life then and there did feloniously put, and one gold watch of the value of thirty-five dollars, of the property of the said E. G. Cless, then and there feloniously and unlawfully did rob, steal, take, and carry away, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Iowa." The appellant contends that the indictment charges two distinct offenses, neither of which is the crime of robbery; that one of the offenses so charged is an assault with intent to kill and maim, and the other a larceny from the person; and that the indictment is therefore bad for duplicity. The indictment can hardly be regarded as a model one, but we think that the language it contains, fairly construed, charges with reasonable certainty that the appellant committed the crime of robbery, and that, at the time, he was armed with a dangerous weapon, with intent, if resisted, to kill and maim the person robbed; that the

taking of the property was accomplished by violence, and by putting in fear, contrary to the will of the person robbed. See *State v. Kegan*, 62 Iowa, 106 (17 N. W. Rep. 179). The indictment was intended to charge but one offense, and the record shows that it was treated, during the trial of the cause, without objection from any one, as charging the crime of robbery, and that it was committed by the defendant, when armed with a dangerous weapon, with intent, if resisted, to kill or maim his victim. The language which tends to charge more than this may be regarded as surplusage. *State v. Hull*, 83 Iowa, 115 (48 N. W. Rep. 917); *State v. Ormiston*, 66 Iowa, 143 (28 N. W. Rep. 370); *State v. Shaffer*, 59 Iowa, 291 (13 N. W. Rep. 600); *State v. Ridley*, 48 Iowa, 371; *State v. Hayden*, 45 Iowa, 15; *State v. Brown*, 95 Iowa, 381 (64 N. W. Rep. 247). In *State v. Henry*, 59 Iowa, 391 (13 N. W. Rep. 343), it was held that objection to an indictment on the ground of duplicity cannot be made for the first time in this court. We conclude that the indictment is sufficient; but, if it were defective, the objections now made to it could not be sustained, for the reason that they were not presented to the district court.

II. It is urged that the verdict is not sustained by the evidence. The only witnesses of the robbery were Cless and the persons who committed it. The appellant was arrested soon after the robbery, and on the second day thereafter Cless saw and identified him, while in custody, as one of the robbers. It is claimed that the opportunity of Cless for observing his assailants at the time of the robbery was not sufficient to enable him to recognize the defendant, even if he were one of them. Cless is contradicted by Kelley, who was indicted with the appellant and pleaded guilty to the charge. Kelley testified, as a witness, that the appellant was not concerned in the crime. Cless testified that it was com-

mitted at about 10 o'clock in the evening, near the intersection of West Third and Chestnut streets, where an electric light was burning. When he reached a point a few paces north of Chestnut street, on his way home, three men approached him from the middle of the street with revolvers in their hands. He states that Callahan was one of the three, and presented a revolver, saying, "Throw up your hands or I will blow out your brains." Cless further states that he threw up his hands; that Callahan and another kept their revolvers pointed at him, while Kelley examined his pockets and took therefrom his watch and a small amount of money; that, after that was done, one of the men told him to go ahead; that he took a few steps, and then turned, and, seeing the men running, he followed them down Chestnut street; that two of them ran into an alley between Second and Third streets, but that Callahan kept running eastward, down the street, towards the electric light works; and that, when in their light, he turned and ran towards Walnut street. Cless saw the man he calls Callahan when the robbery occurred, and for some time during the pursuit, and his positive claims of identification are not unreasonable. It is true that several witnesses testified, for the defense, that they saw Callahan during the evening of the robbery, in a billiard hall and saloon, about eight blocks from the place where the robbery occurred. Some were quite positive that he was in the saloon from 8 or 9 o'clock in the evening, continuously until 11, but most of the witnesses who testified to having seen him there fixed the exact time at which they were sure they saw him either before or after 10 o'clock. It is clear that he was in the saloon at times during the evening, and it is probable that he was there both before and after 10 o'clock, but the testimony of the witnesses who testified that he was there at that hour was for the jury

to weigh. Some of them were men whose habits and appearance may have warranted the jury in giving little if any credence to their testimony, and we cannot say that the verdict was not authorized by the evidence.

III. Complaint is made of a portion of the charge to the jury, but, as no objection to it was offered when it was given, we cannot consider it on its merits. Other complaints are made, but although we have examined them with care, we do not find any ground upon which the judgment of the district court can be disturbed. It is therefore *affirmed*.