STATE OF IOWA, Appellee, v. ANDREW SCHWENDERMAN,
Appellant.

CRIMINAL LAW: Venue—Insufficient Evidence. Evidence held wholly insufficient to establish venue in a charge of forgery.

*Appeal from Wapello District Court.*—SENECA CORNELL, Judge.

OCTOBER 18, 1921.

THE defendant was convicted in the court below of the crime of forgery, and sentenced to an indeterminate sentence in the penitentiary, and he appeals.—*Reversed.*

*W. W. Epps,* for appellant.

*Ben J. Gibson,* Attorney General, *B. J. Flick,* Assistant Attorney General, and *Newton W. Roberts,* County Attorney, for appellee.

STEVENS, J.—The indictment in this case charged the defendant with having feloniously indorsed the name of ''Mike Lemon,'' payee named in a check for $37.20, bearing date February 26, 1921, and signed by the Ottumwa Supply & Construction Company, by George A. Zika. The indictment lays the venue in Wapello County. At the close of the State's evidence, and again at the close of all the evidence, the defendant moved the court for a directed verdict, upon the grounds that the State had failed to prove the venue, or to introduce sufficient testimony to justify a conviction. Both motions were overruled, and these rulings are assigned as error, and relied upon by the defendant for reversal.

The facts upon which the State bases its case are, substantially, as follows: The defendant, Mike Lemon, and Hubert Lemon were employed by the Ottumwa Supply & Construction Company, or George A. Zika, in the construction of a road between Bloomfield and Ottumwa. Mike Lemon quit work shortly prior to February 26th. When he quit, his employer owed him $37.20. The check in question was drawn by the bookkeeper of the Ottumwa Supply & Construction Company and signed by George A. Zika at Ottumwa, on or about February 26th; and some time later, the date not shown, it was delivered to Hubert Lemon, to give or forward to his brother, who lived at Sigourney. The defendant and other workmen employed in the construction of the road lived at a camp in Davis County. The defendant assisted in the work about the camp from 7 until 9 o'clock A. M. One of the duties assigned to him was to gather up the mail each morning, and take it either to a post office or a mail box about 50 yards distant—the evidence does not disclose which. Hubert

Lemon testified that he wrote a letter to his brother, on the. evening he received the check from the paymaster of the Ottumwa Supply & Construction Company, and inclosed the check therewith in an envelope addressed to his brother, and on the following morning, handed the envelope containing the check to the defendant to mail, with other letters lying on the table. He further testified that the defendant and two other workmen were sitting at the table when he wrote the letter and inclosed the check in the envelope. When the check was returned to the. drawer, it bore the indorsement of ''Mike Lemon'' and ''J. Redman,'' together with the paid stamp of the Ottumwa Savings Bank, on which it was drawn. The paid stamp of the bank bears date March 4, 1921. The defendant worked for the Ottumwa Supply & Construction Company, and lived at the camp until March 19th. The camp was located in Davis County. The various witnesses by their testimony located the camp ''over in the. edge of Davis County,'' ''on what is known as Big Soap Creek in Davis County, about 300 feet east of the present road,'' ''at a camp on Big Soap Creek, Davis County,'' ''in the edge of Davis County.''

Harry Riseman testified that he indorsed the name ''J. Redman'' on the back of the check, and obtained the money thereon. J. Redman was the proprietor of a department store in Ottumwa, where Riseman was employed. Riseman had no recollection as to who gave him the check, nor does the evidence show that the defendant purchased anything at the store prior to March 4, 1921. No one identified him as the person from whom the check was received. The only direct evidence connecting the defendant with the commission of the offense charged is the testimony of Hubert Lemon that he gave the envelope containing the check to him to mail, and the testimony of the vice-president of one, and the cashiers of four other, local banks. These witnesses, after making comparison of the writing of the name ''Mike Lemon,'' on the back of the check, with the same name admittedly written by the defendant, testified that, in their opinion, they were written by the same person. The original exhibits have been certified to this court. A careful examination thereof reveals a similarity in the handwriting.

The defendant denied that Hubert Lemon gave him the. let-

ter to mail, that he indorsed the name of Mike Lemon on the back thereof, or that he delivered the check to Riseman or to any other person at the Redman Department Store; admitted that he had been previously convicted of a felony.

If the evidence is in dispute, or evidence has been introduced tending to show venue, the question then becomes one of fact for the jury. *State v. Spayde,* 110 Iowa 726. Does the record tend to show that the offense was committed in Wapello County, or in Davis County within 500 yards of the Wapello County line? It is true that there was sufficient evidence to justify the jury in concluding that an envelope containing the check was delivered to the defendant at some place in Davis County near the Wapello County line. As to whether the camp where he received the check, or the place where the letters from the camp were mailed, was within 500 yards of the Wapello County line or not, the evidence is very uncertain. Assuming, however, that the jury might have so found, what facts does the record reveal upon which the jury could have based a finding that the offense was committed in Davis County within 500 yards of the line, or in Wapello County? No one saw him have the check in his possession after he received it from Hubert Lemon, if he did so receive it. No one testified that it was received from the defendant at the Redman Department Store. Forgery and uttering a forged instrument are, under our statute, separate and distinct offenses *(State v. Blodgett,* 143 Iowa 578), and an indictment charging both offenses is bad for duplicity *(State v. McCormack,* 56 Iowa 585).

The difficulties of the county attorney are quite apparent. The State was without evidence that the defendant uttered the forged check. It seems to us that the record wholly fails to show where the offense was committed. It is true, the defendant testified that he worked on the bridge or road until March 19th, but there is no evidence that he did not leave the camp or the road on which he was employed, or that he was not outside of both Davis and Wapello Counties after it is claimed he received the check, and before March 4th, when it was probably received at the department store.

It is our conclusion that, for the reason stated, the verdict of the jury cannot be sustained. No sufficient evidence to prove

the venue was introduced by the State. It follows that the judgment of the court below must be and is—*Reversed.*

EVANS, C. J., ARTHUR and FAVILLE, JJ., concur.