**STATE of Iowa, Appellee,**

v.

**Weldon Leroy TILLEY, Appellant.**

**No. 53983.**

Supreme Court of Iowa.

May 5, 1970.

Louis A. Lavorato, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., James W. Hughes, Asst. Atty. Gen., Ray Fenton, Polk County Atty., for appellee.

STUART, Justice.

Defendant, Weldon LeRoy Tilley, was charged with and subsequently convicted of

the crime of forgery as defined in section 718.1, Code of Iowa. The defendant on this appeal claims the state has failed to prove beyond reasonable doubt that defendant committed the crime in Polk County and therefore the Polk County District Court had no jurisdiction citing section 753.2, Code of Iowa.

A $94.67 check on the Valley Bank of Des Moines payable to Paul Aldrich, was on its face drawn by Kenneth Link, for the Captain's Table Restaurant. This check was cashed at a Dahl's food store in Des Moines, but when it was later presented for payment, the drawee bank refused payment as the check had been drawn on a closed account. Link, who knew defendant, denied drawing or authorizing the drawing of the check. The check was not cashed by Aldrich or with his consent. While defendant Tilley was in custody the police took a handwriting examplar after giving him the standard but here unnecessary Miranda warning. State v. Johnson (1968), Iowa, 155 N.W.2d 512; and State v. Sefcheck (1968), Iowa, 157 N.W.2d 128; citing Gilbert v. State of California (1967), 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178. Also see: Schmerber v. State of California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908; United States v. Wade (1967), 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149.

The handwriting examplar and forged check were then examined by Duane Barton, qualified handwriting expert employed by the Iowa Bureau of Criminal Investigation, who later testified that, in his opinion, the handwriting on the examplar and on forged check was the same. Mrs. Battles, service counter clerk at Dahl's, testified she was so employed on the date that the forged check was uttered but that she could not identify the person who cashed the forged check.

We recently analyzed the problem of proving venue in forgery cases and recognized there is a "presumption that an instrument was forged in the county where its existence was first known or it was of-fered in a forged condition which will suffice to sustain the venue of a forgery prosecution in that county unless there is other evidence to overcome that conclusion". State v. Wardenburg (1968), Iowa, 158 N.W.2d 147, 153.

Defendant contends, however, that such "presumption depends upon proof that the uttering was by the same person charged with the alteration, or that the one so charged had possession of the instrument where the uttering occurred" and as there was no proof this defendant uttered the check or that it was in his possession in its forged condition in Polk County, the state failed to establish venue. He bases his position on our statement of this rule in State v. Wardenburg, supra, 158 N.W.2d at 152. It is a broadly accepted limitation supported by the cited authorities.

We there pointed out there was really no practical venue problem when the defendant could be identified as the utterer, for he could be charged with uttering rather than forgery. We applied the presumption although there was no evidence defendant uttered the forged instrument or had possession of it in Linn County. In many important respects, this case and State v. Wardenburg, supra, are quite similar. In neither case was the person who uttered the check identified. In neither case was there direct evidence showing defendant had possession of the forged instrument in the county. In both cases expert witnesses by comparing handwriting examplars with the forged instruments furnished evidence that defendant committed the forgery. However, in Wardenburg there was evidence the check on which payee's endorsement was forged was mailed to defendant's home in Cedar Rapids. Here the only evidence connecting defendant to the forged instrument was the testimony of the handwriting expert.

In stating the presumption of venue on page 153 of Wardenburg we intentionally omitted the requirement of proof that the person charged uttered or had possession of

the forged instrument in the county. The courts have long recognized the practical problem of proving where a forgery was actually committed and the need for a presumption of venue, if substantial justice was to be achieved. The reasons were well stated by Justice Story in United States v. Britton (2 CCA, 1822), 2 Mason 464, 470–471, 24 Fed.Cas. pp. 1239, 1241.

"The rule, which I have stated, is not merely correct in a legal sense, but is the dictate of common sense and reason. If a forged instrument is found or uttered in one place, and there is no evidence to show that it was forged elsewhere, what ground is there to presume that it was not forged where it was found, or uttered? If its existence in a forged state is not proved in any other place, it must, from the necessity of the case, be presumed to have been forged, where its existence in such state is first made known. * * * If the law were otherwise, it would be almost impossible to convict any person of a forgery, for such acts are done in retirement and concealment, far from the sight of all persons but confederates in guilt. In the present case it would be impossible to maintain an indictment in any other district, upon the evidence now before us, for the instrument was no where else seen in a forged and altered state."

Similar language has since been used in many cases. State v. Wardenburg and citations, supra, 158 N.W.2d at 152–153. It should be noted the presumption recognized in United States v. Britton, supra, does not require proof the forged instrument was uttered by or found in the possession of defendant in the county of prosecution.

In Cole v. State (1963), 232 Md. 111, 194 A.2d 278, 282, there was no showing defendant either possessed or uttered the forged instrument in Maryland. The court refused to settle the question as to whether the presumption "should be extended to cover a situation where the defendant-forger was not himself the utterer, or even whether a presumption can be based on the

fact that the forged checks were found in a forged state in Maryland". They found sufficient circumstantial evidence to permit reasonable inferences the checks were forged in Maryland, although the checks were drawn on an Ohio bank.

We could have followed the same route. The jury in this case could reasonably draw the inference that a forged instrument drawn on a Des Moines bank on the account of a Des Moines resident doing business as a Des Moines restaurant payable to a Des Moines resident was forged in Polk County.

■ However, there is greater need for the presumption when there is no proof of the utterance or possession by defendant. A handwriting expert testified the same person wrote the forged instrument and the handwriting examplar given by defendant. Defendant was thus shown to be the forger, although there was no evidence of his possession of the instrument. Defendant does not claim there was insufficient evidence to raise a jury question on this issue. If the forger can be identified in this manner, we do not believe prosecution should fail because the state could not show in what secret place, the forger committed the physical act. Such a rule could place an expert forger who executed documents for someone else to utter beyond the reach of the law.

■ We believe the rule stated in Wardenburg is the right and reasonable rule and that the presumption arises even though the evidence does not show the charged forger uttered or had possession of the forged instrument in the county where it was uttered or first appeared in its forged condition.

Defendant relies heavily on State v. Schwenderman (1921), 192 Iowa 349, 184 N.W. 629. However, in Schwenderman conflicting evidence was presented on the question of venue. There defendant came into possession of the check in Davis County, and the check was later falsely uttered

by an unidentified person in Wapello County. We found the evidence was not sufficient to raise a jury question on venue. In the instant case there is no evidence in the record that would permit the jury to find venue anywhere but Polk County. To the contrary, every bit of evidence indicates that the forgery was made in Polk County. These two cases are clearly distinguishable on the facts, but because of the broad language contained therein and the failure of the court there to mention or give recognition to the rule of law we approve here, we are of the opinion we would now reach a contrary result. There are no rules of law stated therein which need be overruled.

For the reasons stated, the trial court is affirmed.

Affirmed.

All Justices concur.