**STATE of Iowa, Appellee,**

**v.**

**Oneda Marie COOPER, Appellant.**

**No. 54158.**

Supreme Court of Iowa.

Oct. 13, 1970.

Rehearing Denied Dec. 14, 1970.

Gene L. Needles, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Michael J. Laughlin, Asst. Atty. Gen., and Ray A. Fenton, County Atty., Des Moines, for appellee.

MASON, Justice.

Oneda Marie Cooper appeals from judgment following a jury verdict convicting her of forgery contrary to section 718.1 Code, 1966.

November 18, 1969 the Polk county grand jury returned the indictment on which defendant was prosecuted. She entered a plea of not guilty and the cause proceeded to trial. Motion for new trial and judgment notwithstanding the verdict (perhaps intended as a motion in arrest of judgment, section 788.1) being overruled, defendant was sentenced to the women's reformatory at Rockwell City for a term not to exceed 10 years.

She assigns as errors relied on for reversal: (1) failure of the trial court to sustain her motion for directed verdict made at the close of the State's evidence and renewed at the close of all evidence and her motion for new trial, each being based on her contention the evidence was insufficient to prove that the offense charged took place within Polk county, and (2) insufficiency of the evidence to sustain the conviction raised in her motion for judgment notwithstanding the verdict.

I. Alpha L. Lowe, a Des Moines resident, had been receiving checks each month from the State Comptroller's office as ADC payments. When she failed to receive her October 1969 check she reported that fact to her social worker. As a witness Mrs. Lowe identified State's exhibit C, the instrument upon which the prosecution is based, as being made payable to her at the address where she was living in October. She testified the endorsement on the check, "Alpha L. Lowe," was not her signature and she had not given defendant or anyone else permission to sign her name.

Mrs. Reiger employed at the courtesy counter of a Des Moines supermarket identified exhibit C from her initials appearing thereon and the store stamp used to cancel checks received. She testified she gave cash in return for the check but was not able to identify the person who presented it to her.

Des Moines police officers had taken a handwriting exemplar from defendant which was used by a document examiner with the Iowa Bureau of Criminal Investigation in forming his opinion the handwriting on the exemplar and on the forged check was the same. His testimony was the only evidence connecting defendant to the forged instrument.

At the close of the State's evidence defendant moved for a directed verdict asserting the State had failed to prove venue beyond a reasonable doubt. After the motion was overruled defendant presented no evidence and rested. She then renewed her motion which was again overruled.

II. As stated, defendant's first assigned error is based on her contention the State failed to prove beyond a reasonable doubt that the forgery took place in Polk county. The brief points urged in support of this assignment are fully discussed in State v. Wardenburg, 261 Iowa 1395, 158 N.W.2d 147, particularly in Divisions III, IV, and V of that opinion and will not be repeated here.

In May 1970 we filed our decision in State v. Tilley, 176 N.W.2d 843. The factual circumstances existing there are similar in most material respects with those here.

In State v. Tilley the person who uttered the forged check was not identified nor was there any direct evidence showing de-

fendant had possession of the forged instrument in the county. In both cases an expert witness, by comparing handwriting exemplars with the forged instrument, furnished evidence defendant committed the forgery. There, as here, the testimony of the handwriting expert was the only evidence connecting defendant to the forged instrument. A contention similar to that urged by defendant here as a basis for reversal was rejected.

■ Reasons stated for the decision in State v. Tilley declare sound principles of law applicable to the present factual situation and are fatal to defendant's first assigned error.

■ III. Defendant argues in support of her second assigned error that the evidence does not connect her to the commission of the forgery except by way of uncorroborated testimony of the handwriting expert. As stated before, this was also true in State v. Tilley, 176 N.W.2d at 844.

Section 622.25 provides: "Evidence respecting handwriting may be given by experts, by comparison * * * with writings of the same person which are proved to be genuine."

■ We are cited no authority of this court nor has any come to our attention holding expert testimony offered under this statute must be corroborated in order to generate a jury question on the issue of similarity. As a caveat, when the quoted portion of this statute is depended upon in contending for the admissibility of expert testimony such expert before being permitted to state his opinion must detail on direct examination facts upon which he relies in reaching his conclusion as to identity of the handwriting as an aid to the jury in evaluating the evidence or in understanding the basis of the expert's opinion. Such a reinforcement of testimony is essential so the trier of fact may determine whether the alleged facts justify the expert's conclusion rather than being forced to accept or reject the opinion of similarity

on the reliability of the expert only. Hedges v. Conder, 166 N.W.2d 844, 857, (Iowa 1969); Dougherty v. Boyken, 261 Iowa 602, 611–615, 155 N.W.2d 488, 493–495.

The expert's opinion fortified in this manner furnishes a sound basis for maintaining it can no longer be said that testimony of handwriting experts is of the lowest order or the most unsatisfactory character in the light of the development of the art of scientific examination of signatures. For a discussion of the changed attitude of this court to handwriting experts see Nelson v. Nelson, 249 Iowa 638, 643, 87 N.W. 2d 767, 771. Citing Cousin v. Cousin, 8 Cir., 192 F.2d 377.

"On defendant's appeal from criminal conviction based on jury verdict challenging sufficiency of evidence to sustain the verdict we view the evidence in the light most favorable to the State and accept as established all reasonable inferences tending to support action of the jury. It is necessary to consider only the supporting evidence whether contradicted or not. * * * [Citing authorities.]" State v. Brown, 172 N.W.2d 152, 153 (Iowa 1969).

When viewed in the foregoing light defendant's second assigned error cannot be sustained.

■ IV. The record does not show when defendant was arraigned but she makes no complaint that it did not occur as directed in sections 775.1 and 775.8.

When she received a copy of the indictment defendant was notified through the minutes of testimony attached that the State intended to call a handwriting expert from the Bureau of Criminal Investigation who would testify that in his opinion the author of the handwriting sample and of the check involved was the same person.

In State v. Hancock, 164 N.W.2d 330, 333, (Iowa 1969) we recognized "it would be extremely difficult, if not impossible in most cases, for a party unschooled in the subject of handwriting expertise to effec-

tively challenge the reliability of an expert without the aid of his own expert."

We are not advised whether defendant was indigent or whether her attorney is representing her by court appointment. However, in State v. Hancock we interpret section 775.5 as authorizing at state expense, when defendant is indigent, independent analysis of defendant's handwriting as being in the best interest of justice.

This interpretation of the statute should ordinarily result in forestalling any contention an indigent defendant had been convicted of forgery or uttering a forged instrument on the uncorroborated testimony of a handwriting analyst. Our interpretation would also make available highly qualified information in ample time for an indigent's use in testing through cross-examination the reliability of the State's expert.

Defendant's failure to utilize the procedure available does not aid her position here.

The case is

Affirmed.

All Justices concur.