## State v. Carr.

1. **Seduction:** PREVIOUSLY CHASTE CHARACTER: INSTRUCTION. The crime of seduction can be perpetrated only against an unmarried woman of previously chaste character. Code, § 3867. An instruction, therefore, that if, prior to the alleged seduction, the prosecuting witness was guilty of unchaste conduct with another than the defendant, this fact should be considered against her—was erroneous in not going far enough. The jury should have been told that such unchaste conduct would entitle the defendant to an acquittal.

2. ——: ——: ——. An instruction advising the jury of the legal effect of "improper liberties" between the prosecuting witness and one other than the defendant, prior to the alleged seduction, was *held* erroneous, because "improper liberties" is an ambiguous phrase, which might or might not be understood to mean unlawful sexual commerce.

3. ——: EVIDENCE INADEQUATE. Evidence which does not show in what county the alleged seduction was accomplished, nor that the prosecuting witness was an unmarried woman at the time the offense was committed, will not support a verdict of guilty.

*Appeal from Appanoose District Court.*

WEDNESDAY, MARCH 21.

THE defendant was convicted of the crime of seduction, and sentenced to the penententiary for two years. He appeals. The facts are stated in the opinion.

*Tannehill & Fee,* and *J. C. Coad,* for appellant.

*Smith McPherson, Attorney-general,* for the State.

DAY, CH. J.—I. The prosecuting witness testified that she was engaged to be married to the defendant, and that by means of this engagement the defendant, about the 15th day of April, 1881, induced her to surrender to him her virtue. It further appears in the evidence that, prior to and at the time of the alleged seduction, the prosecuting witness was under an engagement

*(margin note: 1. SEDUCTION: previously chaste character: instruction.)*

of marriage to one Underwood, who was not acceptable to her parents and brothers, and who was not allowed to pay his addresses to her at her home; that she had frequently met him clandestinely, and that, after the alleged seduction and up to the 3d of July, 1881, she wrote him the most endearing letters, saying that she was only wating until August, when she would be of age and would go with him any time he wanted her to; that she had but little love for Carr, and never would marry him as long as he (Underwood) was living. Testimony was introduced from which the defendant insists the jury were authorized to find the existence of improper intimacies between the prosecuting witness and Underwood. Upon this branch of the case the court, amongst other things, instructed the jury as follows: "If you find from the evidence that the said Mary and Underwood were at the time engaged to be married; or if you find she received his company, and that they were alone together, then you may examine her conduct while with Underwood, and if you find from the evidence that she was guilty of improper and unchaste conduct with him, then you may consider such conduct against her. But if you find that she did no more than ordinarily prudent girls would do under like circumstances, in her sphere of life, then it should not be considered against her." This instruction, we think, was calculated to mislead the jury greatly to the defendant's prejudice. It states with too much mildness the consequences of the conduct referred to. The crime of seduction can be perpetrated only against an unmarried woman of previously chaste character. Code, § 3867. See, also, *Andre v. The State*, 5 Iowa, 389; *State v. Prizer*, 49 Id., 531. Now, if the prosecuting witness was guilty of unchaste conduct with Underwood, the fact should be considered not merely against her, but in favor of the defendant, and should entitle him to an acquittal. For, if the prosecuting witness was guilty of unchaste conduct, she was not of chaste character as defined in the foregoing cases.

II.   The court further instructed the jury as follows: "It

State v. Carr.

is claimed by the defendant's counsel that the evidence of Underwood shows he took improper liberties with said Mary. You will say what facts his evidence establishes. Defendant's counsel further says that, if she allowed him improper liberties in private, then she was unchaste, and you should so find, even if the defendant had sexual intercourse with said Mary as claimed by the State. You are instructed upon the claims of the defendant that, if the said Mary, under promise of marriage to Underwood, and before her engagement to the defendant, if there was such engagement, permitted or allowed Underwood in private to take liberties that he ought not to have done; and you further find that her general conduct was chaste and pure, that she was chaste and pure in person and conduct in all other respects, such act would not justify the defendant in afterwards inducing the said Mary to consent to sexual intercourse with him, if he did so, under promise of marriage, or other seductive means or artifices. But if you find that said Mary did permit Underwood to take improper liberties with her as claimed by the defendant, then you may consider such fact, as bearing upon the general character as a chaste woman."

This instruction we think was liable to prejudicially mislead the jury. The taking of improper liberties is an ambiguous phrase. It may mean no more than the undue familiarities in some states of society considered altogether compatible with the strictest virtue. If so understood by the jury, it could have worked the defendant no prejudice. It cannot be denied, however, that the phrase may refer to unlawful sexual commerce. The jury may have understood from the instruction that, if the prosecuting witness had allowed Underwood to take improper liberties with her in private, even to the extent of submitting to his sexual embrace, still she was a subject of seduction, if she was in all other of her actions chaste and pure in conduct. Such, we think, is not the law.

III. It is claimed that there is no proof that the offense

was committed in Appanoose county, in which the indict-
ment was found. The prosecuting witness testi-
fies that the offense was committed at her father's
house. Her father testifies that he lived in Appanoose county
when the cause was tried, but there is no proof as to where
he lived when the offense was committed, which was nearly a
year before the trial. It does not appear, other than from mere
inference, that the prosecuting witness was an unmarried
woman when the offense was committed. These defects in
the evidence are doubtless the results of oversight, which will
be corrected upon the retrial.

For the errors before pointed out the judgment is

Reversed.

*3. ——: evidence inadequate.*