STATE OF IOWA, Appellant, v. I. CASKEY, Appellee.

CRIMINAL LAW: Venue—Sufficiency of Evidence. Venue need not be made to appear by positive testimony. A jury question is created when the venue is fairly inferable from the testimony. (See Book of Anno., Vol. 1, Sec. 13449.)

Headnote 1: 16 C. J. p. 924.

*Appeal from Buena Vista District Court.*—JAMES DELAND,
Judge.

DECEMBER 15, 1925.

DEFENDANT was indicted for violation of the intoxicating
liquor statute. The court directed a verdict in favor of the de-
fendant, on the ground that the venue and jurisdiction had not
been proved. The State appeals.—*Reversed.*

*Ben J. Gibson,* Attorney-general, *Stanton S. Faville,* Assist-
ant Attorney-general, *Mack & Young,* and *Charles E. Pendleton,*
County Attorney, for appellant.

*Healy & Breen,* for appellee.

ALBERT, J.—The crime is alleged to have been committed
in Buena Vista County, Iowa, and the court directed a verdict
in favor of the appellee because that allegation of the indict-
ment was not supported by evidence. In *State v. Mitchell,* 139
Iowa 455, we held that the courts of this state shall take judicial
notice of the geography of the state and the location of cities and
incorporated towns with reference to the county boundaries.
To the same effect, see *State v. Laffer,* 38 Iowa 422; *State v.
Reader,* 60 Iowa 527. We have also held that, where a witness
locates the place of the commission of a crime at a certain num-
ber of miles in a certain direction from a city or town, the court
shall take judicial notice that such point falls within or without
the boundaries of the county in which the crime is charged to
have been committed. *State v. Heft,* 148 Iowa 617; *State v.
Meyer,* 135 Iowa 507.

We have also determined that venue may be proven by in-
ference, as well as by direct assertion by the witness. *State v.
Meyer,* supra. In other words, a sum total of these holdings is
that the witness need not testify in words that the crime was
committed within the county in question, but that such fact, if
fairly inferable from the testimony given, is sufficient to carry
the question of venue to the jury.

We turn now to the testimony. The witness Chambers tes-

tifies that he was hired by Buena Vista County to secure evidence against violators of the prohibition laws of the state. He was asked the following question:

"Were you or were you not at the farm of I. Caskey in Buena Vista County, Iowa?"

He answered, "Yes." He then relates that, on the 18th of April, 1924, he and Pete Thompson purchased a quart of intoxicating liquor for $3.50 from the appellee, Caskey, at the home of the said Caskey. On cross-examination, he testified that Caskey lived on a farm 3½ miles southwest of Marathon, which was also northwest of Albert City, and that was where he and Thompson bought the intoxicating liquor from Caskey. Under this testimony, the place designated was in Buena Vista County. Under no circumstances could it be elsewhere, and the court should have taken judicial notice of such fact.

Thompson testified that, at the time in question, he saw the appellee, Caskey, at his home; that he drove to Caskey's farm by way of Marathon and Albert City, and that said farm was located "a ways off the Marathon and Albert City road;" that he was with Chambers on the 18th of April, 1924, at the Caskey home when they purchased a quart of intoxicating liquor from Caskey for $3.50.

Under the decisions heretofore made by this court, cited above, there was abundant evidence to take the question of venue to the jury. The case is, therefore, reversed.—*Reversed.*

FAVILLE, C. J., and EVANS and MORLING, JJ., concur.