STATE OF IOWA, Appellee, v. DAVE BROOKS, Appellant.

No. 43371.

NOVEMBER 24, 1936.

Carl E. Patterson, for appellant.

Edward L. O'Connor, Attorney General, Walter F. Maley, First Asst. Attorney General, Carl A. Burkman, County Attorney, and Francis J. Kuble, Asst. County Attorney, for appellee.

PER CURIAM.—The defendant was indicted by the grand jury of Polk County for the crime of rape alleged to have been committed upon Helen Van Ginkle, a female under sixteen years of age, in Polk County, Iowa, on or about September 8, 1935. The defendant entered a plea of not guilty, the case was tried to a jury in the district court of Polk County on September 30, 1935, and a verdict of guilty of the crime charged in the indictment was returned. Defendant filed a motion for a new trial, which was overruled, and defendant appeals.

Among the grounds urged for a new trial was that the State failed to prove the venue by sufficient evidence. Appellant contends that the evidence fails to show that the offense was committed in Polk County, Iowa.

It is the well settled law in this State that the jurisdiction of the district court is limited to offenses committed within the county in which the court is held. Sec. 13449, Code of 1935. This statute provides that:

"The local jurisdiction of the district court is of offenses committed within the county in which it is held, * * *."

Under this statute a conviction cannot be sustained unless the State proves that the crime was committed within the county in which the indictment was returned. This is the general rule and needs no citation of authorities to sustain it. But see State v. Carr, 60 Iowa 453, 15 N. W. 271, 272.

In that case, loc. cit. 456, this court said:

"The prosecuting witness testifies that the offense was committed at her father's house. Her father testifies that he lived in Appanoose county when the cause was tried, *but there is no proof as to where he lived when the offense was committed,* which was nearly a year before the trial. * * * These defects in the evidence are doubtless the results of oversight, which will be corrected upon the retrial." (Italics ours.)

By instruction No. 5, the jury was told that:

"The burden of proof in this case as to the crime charged in the indictment *.* * is upon the State and before you can find the defendant guilty the State must prove beyond a reasonable doubt each of the following propositions:

"1.  * * *

"2.  * * *

"3.  That the act was unlawfully committed by the defendant in Polk County, Iowa, * * *.

"If you find affirmatively beyond a reasonable doubt as to each of the foregoing propositions, then it will be your duty to find the defendant guilty of the crime of rape as charged in the indictment. If you fail to find affirmatively beyond a reasonable doubt as to any one of the foregoing propositions, then you cannot convict the defendant of the crime of rape * * *."

This instruction was not excepted to, and is, therefore, the law of the case. Under it the State was required to prove that the offense was committed in Polk county, Iowa.

Some of the witnesses testified that the defendant lived on Ohio Street, and that the place where the offense was alleged to have occurred was in a garage on the same premises. Other witnesses testified as to certain streets and places where the prosecuting witness went, on the night prior to the alleged commission of the offense charged; on the night of the offense; and on the day following the same. This testimony shows that these places were all on certain streets, *but not one of the witnesses was asked,* nor did they testify, that they lived in the city of Des Moines, or that the streets and places referred to were in the city of Des Moines or in Polk county.

Some of the streets referred to were Ohio Street, Willow Street, East Locust Street, Raccoon Street, University Avenue Bridge; and some of the buildings referred to were the Broadlawns General Hospital, visited by the prosecutrix and the defendant immediately after the offense was alleged to have been committed, a certain cemetery, Lincoln School, Riverview Park, the commissary, the Columbia Pool Hall, the De Lux Pool Hall, etc. Without narrating the evidence in further detail, it is sufficient to say that none of the streets, places, or other matters referred to, were sufficient to locate even by inference the place where the offense is alleged to have been committed as in Polk county, or even in the State of Iowa.

It is obvious from the character of the evidence that the prosecuting attorney through an oversight overlooked proving the venue in this case. Counsel for the State contends that notwithstanding the lack of any direct evidence proving the venue in Polk county, Iowa, it was established by inference from the testimony of certain witnesses as to the names of certain streets and buildings referred to, without locating them specifically in Polk county.

It is true that venue may be established by inference, but in all cases so holding, it appeared that the place where the offense was committed was identified as being in a certain town, or within a certain distance of a town within the county, as in State v. Meyer, 135 Iowa 507, 113 N. W. 322, 124 Am. St. Rep. 291, 14 Ann. Cas. 1, where it was said that the court would take judicial notice that the city of Sheldon is in O'Brien county. Also in

State v. Caskey, 200 Iowa 1397, 1398, 206 N. W. 280, 281, "where a witness locates the place of the commission of a crime at a certain number of miles in a certain direction from a city or town, the court shall take judicial notice that such point falls within or without the boundaries of the county in which the crime is charged to have been committed." Of similar import is State v. Ostby, 203 Iowa 333, 210 N. W. 934, 212 N. W. 550.

Some of the cases cited by appellee as supporting its contention relate to offenses committed partly in one county and partly in another, and, therefore, lend no aid to a determination of this case. State v. Gibson, 132 Iowa 53, 106 N. W. 270; State v. Detloff, 201 Iowa 159, 205 N. W. 534; State v. George, 206 Iowa 826, 221 N. W. 344.

It may be true that the places incidentally referred to in the evidence may be within the limits of Polk county, Iowa, but they are not the names of cities or towns, and are not referred to in such a manner that the court can take judicial notice of the fact that they are in Polk county, or that the offense was committed therein.

It will not do to expect this court to supply a vital omission in the evidence by the failure of the State to ask the prosecuting witness a simple question like: "In what county was this offense committed?"

It is our conclusion that the defects in the evidence in this case were doubtless the result of oversight of the State, and can probably be corrected upon a retrial.

Other matters are also alleged as grounds for a reversal. As a retrial is necessary because of the matters hereinabove set out, we deem it unnecessary to give them consideration here, and, therefore, refrain from so doing.

For the reasons hereinabove expressed, the judgment of the lower court is hereby reversed.—Reversed.

PARSONS, C. J., and ALBERT, STIGER, ANDERSON, DONEGAN, HAMILTON, and RICHARDS, JJ., concur.