STATE OF IOWA, appellee, v. ROBERT LADD, appellant.

No. 50009.

(Reported in 106 N.W.2d 100)

488

November 15, 1960.

Rehearing Denied January 13, 1961.

Bradshaw & Crawford, of Fort Dodge, for appellant.

Norman A. Erbe, Attorney General, Marion R. Neely, Assistant Attorney General, John J. Murray, County Attorney, Webster County, and Francis E. Tierney, Assistant County Attorney, for appellee.

HAYS, J.—By a county attorney's information the defendant was accused of the crime of lascivious acts with a child in violation of section 725.2, Code of *1959*. The case was tried to a jury which returned a verdict of guilty. From a judgment entered thereon he appeals.

The prosecuting witness is a youth thirteen years of age and resides with his mother and sisters at Coalville. He was employed at the Hudson Grocery in Coalville where the offense is alleged to have taken place. The defendant lives in Fort Dodge, Iowa, and is employed by a beer distributing concern as a driver salesman. He drives a truck and sells beer to dealers in the Fort Dodge area which includes Coalville. Nowhere in the record does it specifically appear that Coalville is in Webster County or even in the State of Iowa.

 I. Appellant's first assigned error is the alleged failure to prove venue of the alleged crime. Section 753.2, Code of 1958, states that the local jurisdiction of the district court is limited to offenses committed within the county in which such court is held. Thus venue is a jurisdictional fact which the State must prove and unless the court takes judicial notice thereof, or unless the accused admits it, the same must be shown by competent evidence, either direct or circumstantial. State v. Brooks, 222 Iowa 651, 269 N.W. 875; 23 C. J. S., Criminal Law, section 914.

 The trial court recognized the absence of direct proof of venue but took judicial notice thereof, i.e., that Coalville was in Webster County, Iowa. While perhaps this court has not been called upon to go to quite the extent involved here, it is well settled that a trial court may take judicial notice of various factors such as the location of cities and towns, geographical boundaries and the location of certain designated places when shown to be within a certain distance of an established point. State v. Laffer, 38 Iowa 422; State v. Meyer, 135

490

Iowa 507, 113 N.W. 322, 124 Am. St. Rep. 291, 14 Ann. Cas. 1; State v. Caskey, 200 Iowa 1397, 206 N.W. 280; State v. Benson, 247 Iowa 406, 72 N.W.2d 438. The foregoing cases state the rule to be that if the evidence is such that the fact of venue may be fairly inferable therefrom, a jury question is presented. An examination of the more recent authorities shows that the application of judicial notice is more and more becoming a matter resting in the sound judicial discretion of the trial court with the real test being whether sufficient notoriety attaches to the fact involved, so as to make it safe and proper to assume its existence without specific proof. In determining this question the trial court may resort to official publications and other matters of established authenticity. 20 Am. Jur., Evidence, sections 19 and 22; 31 C. J. S., Evidence, section 12.

█ In the instant case the court was sitting in Webster County, Iowa. The jurors were all residents thereof. Many times throughout the trial direct reference was made to Coalville. An examination of the official map published by the Iowa State Highway Commission shows Coalville to be a small community about two and one-half miles southeast of Fort Dodge, Iowa, on highway "C" of the county trunk system. It is difficult to find an abuse of the court's judicial discretion in its assuming that such jurors had full knowledge of the location of "Coalville" and that it was in Webster County, Iowa. There is no merit in this assigned error.

Before passing this question of venue we are constrained to say that venue is a vital ingredient of any prosecution. It is so simple and easy to prove that a failure to offer direct proof thereof indicates pure carelessness upon the part of the prosecutor. While the taking of judicial notice of the fact may save a conviction, as in the instant case, such may not always be true.

█ II. Error is also assigned to the fact that the information charged a violation of section 725.2, Code of *1959*, when in fact Iowa does not have a 1959 Code. Clearly this was a typographical error which could and should have been corrected by amendment. The information states the nature of the offense

charged and correct section of the 1958 Code. It is not claimed that defendant did not know with what crime he was charged. See also sections 777.2 and 777.3, Code of 1958. This assignment is without merit.

The judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur.