STATE OF IOWA, appellee, v. BUDDY ALFRED STUMBO, appellant.

No. 50379.

NOVEMBER 14, 1961.

Mahoney, Jordan, Statton & Smith, of Boone, for appellant.

Evan Hultman, Attorney General, John H. Allen, Assistant Attorney General, and Stanley R. Simpson, County Attorney, for appellee.

LARSON, J.—Defendant was accused by a county attorney's information of the crime of rape of a fourteen-year-old child, in violation of section 698.1, Code of Iowa, 1958. The jury returned a verdict of guilty and, from judgment entered thereon, he appeals.

The prosecutrix is a child fourteen years of age residing

with her parents in Boone, Iowa, and the defendant, seventeen years of age, also resides with his parents in Boone. He had quit school in the grades, but was then unemployed.

The only issue raised in this appeal is whether the evidence failed to prove the alleged crime occurred in Boone County, Iowa. If so, defendant contends the trial court erred in not directing a verdict of acquittal and in not setting aside the verdict of guilty and dismissing the information.

I. It is, of course, necessary for the State to prove venue of the alleged crime. Section 753.2, Code, 1958. This is a jurisdictional fact which must be proven and, unless the court takes judicial notice thereof or the accused admits it, the same must be shown by competent evidence, either direct or circumstantial. State v. Ladd, 252 Iowa 487, 490, 106 N.W.2d 100, and citations. As pointed out in the Ladd case, the more recent authorities seem to hold that the application of judicial notice is a matter resting in the sound discretion of the trial court and that the real test is whether sufficient notoriety attaches to the fact involved as to make it safe and proper to assume its existence without specific proof. 20 Am. Jur., Evidence, sections 19 and 22; 31 C. J. S., Evidence, section 12. Counsel concedes that under this recent decision testimony that the alleged crime had occurred in the Ledges State Park would have been sufficient to prove venue in Boone County, Iowa, but that the testimony of the witnesses that it occurred "near", "in the vicinity or area near the Ledges State Park", "south of the Ledges", "down around the Ledges", and "in or near the vicinity of the Ledges State Park", was not sufficiently specific. It is true in the Ladd case we stated that the trial court might take judicial notice of various factors such as the location of cities and towns, geographical boundaries, and the location of certain designated places when shown to be within "a certain distance of an established point". But from the authorities cited we also found the rule to be that if the evidence is such that the fact of venue may be fairly inferable therefrom, a jury question is presented. The trial court, following that rule, took judicial notice of the fact that the Ledges State Park was in Boone County and submitted to the jury the question of whether the act was committed in

Boone County, under the testimony of the witnesses as to their locality at the time in relation to the State Park. We cannot say the court erred in so doing.

■ II. Where the fair inference under the testimony is that the crime was committed within the county, a jury question on venue is presented. State v. Ladd, supra, 252 Iowa 487, 106 N.W.2d 100; State v. Benson, 247 Iowa 406, 72 N.W.2d 438; State v. Caskey, 200 Iowa 1397, 206 N.W. 280; State v. Meyer, 135 Iowa 507, 113 N.W. 322, 124 Am. St. Rep. 291, 14 Ann. Cas. 1; State v. Laffer, 38 Iowa 422. It was said in State v. Meyer, supra, at page 511 of 135 Iowa, that the "fact of venue may be established like any other fact, and, where the fair inference from the evidence adduced or the circumstances proven is that the transaction in issue occurred within the county, the finding of the jury cannot be disturbed on appeal."

Defendant contends that "near" is a relative term and may be miles from a given spot; that "south of" is much too general to designate a place, and that "in the vicinity" does not permit an inference of certainty or establish the place within a specific distance from an established point. We do not agree, but under the facts and circumstances established by this record we do note and do announce our displeasure with the unnecessary carelessness of the prosecutor. We have repeatedly stated that venue is a vital ingredient of any prosecution, that it is easy to prove, and in the instant case would have been so by establishing the location of the farm where Van Cannon and Walker, or Williams, left the Davidson car.

■ The ordinary and common usage of the word "vicinity" is a relative term, synonymous with such words as "neighborhood", "community" or "locality", "not remote", "nearness", and describes a state of being near. See Volume 44, Words and Phrases, pages 257–262, 1961 Cumulative Annual Pocket Part; Ebbeskotte v. Tyler, 127 Ind. App. 433, 142 N.E.2d 905, 909; Fleming v. Farmers Peanut Co., C. C. A. Ga., 128 F.2d 404, 406; Brown v. Miami Valley Hospital Society of Dayton, 104 Ohio App. 53, 146 N.E.2d 620, 626; Conley v. Valley Motor Transit Co., C. C. A. Ohio, 139 F.2d 692, 693. In the case of Borough of Madison v. Morristown Gaslight Co., 63 N. J. Eq.

120, 52 A. 158, 159, it was said the word "vicinity" is derived from "vicus", a village, and signifies a place which does not exceed in distance the extent of a village. Therein the meaning was given no more than a mile in distance. Webster's New International Dictionary, Second Ed., defines "vicinity" as a quality or state of being near, or not remote; nearness; that which is adjacent to anything; neighborhood; proximity; and English's Law Dictionary defines "vicinity" as adjacent, that which is near.

 Under the facts of this case we think the jury could well find the place involved was only a short distance from the Park, and not beyond the south county boundary, which upon the official map published by the Iowa State Highway Commission is about six miles distant. Other circumstances which must be considered would not here justify an inference that "near" or "south of Ledges State Park" meant Des Moines, Adel or some other southern locality in Iowa. In this connection, we also note that Davidson, a witness of the alleged act, stated the act occurred "in or near the vicinity of the Ledges State Park", and conclude such testimony alone was a sufficient identification of the place involved to permit, if not require, the question of venue to be submitted to the jury.

Having found no reversible error, the judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur except BLISS, J., not sitting.