STATE *vs.* DOUGLAS G. BROWN.

DECEMBER 16, 1963.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

ROBERTS, J.   This is a criminal complaint charging that the defendant on November 7, 1961 in the city of Warwick "did operate a taxi cab upon a public highway of this state to wit: *Post Road* without first having obtained a special license from the Registry of Motor Vehicles to operate said

taxi cab in violation of Title 39, Chapter 14, Section 20 of the General Laws of 1956, as amended." After a trial to a justice of the superior court sitting without a jury, the defendant was found guilty of the offense charged and is now before this court prosecuting an exception to that decision.

General laws 1956, §39-14-20, provides that "No person shall operate a taxicab or limited public motor vehicle upon the public highways until such person shall have first obtained an operator's license as provided for in chapter 10 of title 31, and shall also have obtained a special license from the registry of motor vehicles to operate a taxicab or limited public motor vehicle under such rules and regulations as said registry shall require." The defendant is here charged with a violation of this statute in that he operated a taxicab without having first obtained the "special license" as provided therein.

The record discloses that at trial defendant stipulated orally that he had not obtained a special license to operate a taxicab at the time of his arrest and that the vehicle had been registered as a taxicab and certified for operation as such. The arresting officer testified without contradiction that the vehicle being operated by defendant was painted orange and white and bore the inscription "Apponaug Cab Company." He testified also that at the time there was a woman riding in the rear seat of the vehicle who informed him that she was on her way home but whose identity he did not ascertain. The defendant, upon request, gave the officer his operator's license along with the registration certificate of the vehicle and told him that he had applied for the issuance of a chauffeur's license, apparently referring to the special license required under §39-14-20. The record discloses also that the owner of the vehicle came to the place of the arrest and drove the vehicle away with the woman referred to above remaining therein.

The trial justice in his decision summarized the evidence and discussed the significance that in his opinion could properly attach thereto. He stated, in particular, that the presence of the woman in a vehicle designed for use as a taxicab and occupying a seat in the portion thereof customarily reserved for passengers gave rise to a presumption that she was a fare-paying passenger and that this presumption, being unrebutted and coupled with the evidence as to the appearance of the vehicle and its registration and defendant's claim at the time that he had an application for a chauffeur's license pending, was sufficient to establish beyond a reasonable doubt that defendant had been operating a taxicab in violation of the statute.

The defendant, in urging error, contends that the state has failed to meet the burden of proof in that an essential element of the offense, the operation of a *taxicab* on a public highway, was not established beyond a reasonable doubt. In so arguing, he relies substantially upon the pertinent provision of §39-14-1 which provides that "The term 'taxicab' shall mean and include any motor vehicle for hire, * * * operated upon any street or highway, or on call or demand, accepting or soliciting passengers indiscriminately for transportation for hire * * *." This is to contend, as we understand it, that there is in the record no evidence from which it reasonably could be found that at the time under consideration the vehicle was being operated for hire, conceding, as he does, that it could have been used in that capacity.

We are of the opinion that in enacting §39-14-20 the legislature did not intend to proscribe all operation of motor vehicles that are so designed and equipped as to be used as taxicabs by persons who have not first obtained the special license referred to therein. These vehicles may of necessity be operated for purposes other than furnishing transportation for hire as, for example, in the course of main-

tenance and repair. If we read §39-14-20 in the light of the definition contained in §39-14-1, it becomes clear that the statute prohibits the operation of these vehicles for hire by operators who have not procured the necessary licenses. It does not follow, however, that operation for hire within the contemplation of the statute is limited to the operation thereof only when actually engaged in the carriage of passengers for hire. It is our opinion that the legislature intended to encompass within the pertinent phrase all operation incident to the normal conduct of the business of providing carriage for hire through the use of these particular motor vehicles.

In other words, operation for hire as contemplated in §39-14-20 includes all operation designed to further the basic purpose, the business of providing transportation for hire. This includes not only the actual carriage of passengers for compensation but operation of the vehicle along the highways in the course of soliciting such carriage or while standing at locations set apart for the solicitation of such patronage. It must also be held to include such operation as is necessary in picking up passengers and which follows leaving them at their destinations. In so enumerating situations which, in our opinion, would constitute operation for hire, we do not intend to exclude other operation that in fact would constitute transportation for hire.

Considering the statute in this light, we are unable to perceive that the status of the woman riding in the vehicle at the time under consideration is controlling on the issue of defendant's guilt. The defendant is contending, as we understand him, that unless the state establishes that the woman in the vehicle was at that time being transported for hire, proof of his violation of the statute beyond a reasonable doubt is impossible. With this we cannot agree. If we do not accept the view of the trial justice that her presence in the vehicle gives rise to a rebuttable presump-

tion that she was being carried for hire, neither can we accept defendant's contention that her presence in the circumstances is not evidence from which a reasonable inference may be drawn that she was in the vehicle being carried for hire.

However, as we have noted, proof of her status as a passenger is not controlling, for, in our opinion, the evidence relating to the nature of the vehicle, its registration, its markings and colors, along with the remarks of defendant upon being apprehended constitute evidence which is sufficient for a trier of the fact to find beyond a reasonable doubt that the offense had been committed. This would be so, in our opinion, had the state of the record disclosed that no person other than the operator was riding in the vehicle.

As defendant contends, the burden of proof in a criminal prosecution is on the state throughout the trial, and it never shifts to the defendant. *State* v. *Blood,* 68 R. I. 160. It is incumbent upon the state to prove beyond a reasonable doubt the existence of every essential element of the offense charged, and at no time is the defendant under obligation to offer evidence to disprove the existence of such elements. Where a defendant, however, contends that circumstances exist which would serve to exempt him from the effect of the statute or to excuse his conduct alleged to violate the statute, as defendant here appears to argue, it is the burden of the defendant to adduce evidence sufficient to establish the existence of such matter, whether it is an affirmative defense or in the nature of an affirmative defense. *State* v. *Deans,* 93 R. I. 266, 174 A.2d 666. There is in the instant record nothing that discloses any attempt on the part of defendant to adduce evidence to establish anything in the nature of an affirmative defense.

The defendant's contention that venue was not established in this case is without merit. He argues, in substance, that no evidence was adduced on the part of the

state that in specific terms established that the offense occurred in the city of Warwick, a municipality located in the county of Kent. It is true, of course, that the state in a criminal prosecution must establish the place at which the offense charged was committed in order to establish the venue. However, this may be done by circumstantial as well as by direct evidence, *Breeding* v. *State*, 220 Md. 193, and, not being an element of the offense, it need not be proved beyond a reasonable doubt. *State* v. *Kozukonis*, 71 R. I. 456. There is in the record here evidence that the arresting officer was a member of the Warwick police department, patrolling his post in that city, when the arrest was made. From such evidence the trial justice, in our opinion, properly inferred that the venue was correctly laid.

The defendant's exception to the decision is overruled, and the case is remitted to the superior court for further proceedings.

*J. Joseph Nugent*, Attorney General, *Corinne P. Grande*, Special Counsel, for State.

*Aram K. Berberian*, for defendant.