**STATE of Iowa, Appellant,**

v.

**Roger WARDENBURG, Appellee.**

No. 52587.

Supreme Court of Iowa.

April 9, 1968.

Richard C. Turner, Atty. Gen., David A. Elderkin, Asst. Atty. Gen., William G. Faches, County Atty., and Eugene J. Kopecky, Asst. County Atty., Cedar Rapids, for. appellant.

Keith E. Stapleton, Cedar Rapids, for appellee.

MASON, Justice.

A Linn County grand jury indicted defendant Roger Wardenburg for the crime of forgery, contrary to section 718.1, 1962 Code of Iowa. At arraignment defendant pleaded not guilty. Some weeks later trial to a jury was commenced and, after the State had presented its evidence and rested, defendant moved to dismiss the charge. He asserted in paragraphs 1 and 2 of his motion the State had failed to establish beyond a reasonable doubt that (1) any public offense had been committed in Linn County and (2) the Linn district court had jurisdiction of any public offense alleged to have been committed by defendant which jurisdiction is contemplated by Code section 753.2. The trial court sustained the motion as to the grounds asserted in these paragraphs.

The State appeals, assigning as the sole error relied upon the trial court's sustaining defendant's motion to dismiss at the close of the State's evidence for the reason there was insufficient evidence to establish the venue of the offense.

I. Section 793.1, Codes, 1962, 1966, gives the State the right to appeal in a criminal case. It is settled in Iowa that an appeal by the State will be permitted only if it "involves questions of law, either substantive or procedural, whose determination will be beneficial generally, or guide the trial courts in the future * * * ." State v. Kriens, 255 Iowa 1130, 1131, 125 N.W.2d 263, 264, and citations. But there are statutory limitations upon the effect or results of that appeal. Code section 793.20 provides that if the State appeals, this court cannot reverse or modify the judgment in favor of defendant so as to increase the punishment,

"but may affirm it, and shall point out any error in the proceedings or in the measure of punishment, and its decision shall be obligatory as law."

In support of its assigned error the State initially argues that sufficient evidence consisting of a considerable number of enumerated facts was produced from which "a jury could decide the issue of venue."

■ Ordinarily on appeals by the State from a judgment on directed verdict for defendant, involving sufficiency of the evidence to establish the charge, we will not review the record to determine the correctness of the decision. A pronouncement from us on the fact situation in one case rarely serves any good purpose in determination of future cases. Such appeals by the State are useless. While the matter of sufficiency or insufficiency of the evidence is a question of law, this court will refuse to review the record where it will benefit no one. State v. Wickett, 230 Iowa 1182, 1185, 300 N.W. 268, 269–270. In other words, to review an appeal by the State some general benefit or guide to the trial courts or profession must be shown.

■ If this contention were the only one raised, we would be inclined to dismiss the appeal as presenting no question of law we are required to review. However, the attorney general requested and was granted permission from us to file supplemental brief and argument on appellant's side. He contends there is a presumption or inference that an instrument was forged in the county where its existence was first known or it was offered in a forged condition which will suffice to sustain the venue of a forgery prosecution in that county unless there is other evidence to overcome that conclusion. We believe a determination of this query is desirable.

II. Before discussing this contention further, we briefly narrate the facts. Jack's Store, a discount department store in Cedar Rapids, is owned by Walter Fineberg of Minneapolis. In February 1966 he employed defendant, who resided with his wife in Cedar Rapids, as manager of this store. Defendant's duties included supervision of the help, sales and marketing of merchandise, making bank deposits and reporting employees' time.

Store employees were paid weekly through Saturdays. Each Monday defendant would telephone Mr. Fineberg in Minneapolis to advise him how many hours each employee had worked through the previous Saturday. Fineberg would then issue and mail individual checks to defendant in Cedar Rapids to be distributed.

Monday, August 15, defendant reported the times of various employees including Kathie Welsh, a clerk who had been employed in the Cedar Rapids store approximately six months. When defendant reported Mrs. Welsh had 32 hours coming and that he had discharged her Friday, August 12, Mr. Fineberg called her to inquire whether she wanted her check mailed to the store or to her home. He then learned she had been discharged August 5 and paid August 9; that she didn't have any money coming for the week ending August 13. However, August 16 Fineberg issued a check in the amount of $41.05, payable to Kathie Welsh, and mailed it to defendant along with other checks, including one payable to him, to meet the Cedar Rapids payroll. All paychecks were signed by Mr. Fineberg.

Later Fineberg picked up this check at the First Hennepin State Bank of Minneapolis where his account had been debited with the amount thereof. At the trial he identified the State's exhibit 1 as the check mailed at defendant's request as Mrs. Welsh's final payment. This is the check upon which the indictment is based.

Mrs. Welsh testified her employment at Jack's Store terminated August 5; she had never received the check identified as State's exhibit 1 or any payment therefrom; the endorsement on the check, "Kathie Welsh," was not her signature, and she had

not given defendant or anyone else permission to sign her name.

While employed at Jack's Store Mrs. Welsh borrowed $400 from Merchants National Bank in Cedar Rapids plus $200 from defendant to purchase a car. Defendant secured the money he loaned Mrs. Welsh from the same bank. At the time of her discharge she had repaid defendant all but $40.

The State introduced a known exemplar of defendant's handwriting identified as exhibit 2 which was used by the State's handwriting expert in forming his opinion that the same person who had written exhibit 2 wrote the endorsement on the State's exhibit 1 and this endorsement was not written by the same person who had written the State's exhibit 3, an exemplar of Mrs. Welsh's handwriting.

On the back of exhibit 1 was a rubber stamp. Although all words were not legible, "Pay any Bank, P.E.G., The Merchants National Bank of Cedar Rapids, Iowa" appeared. In ruling on defendant's motion, the trial court emphasized the fact the State had offered no evidence tending to show the meaning of the quoted words; no bank officer or employee was called to testify this was the stamp of the Merchants National Bank or that it meant in the normal course of business the check was originally negotiated at this bank in Linn County. He then determined the rubber stamp alone did not have this probative value and testimony as to the meaning of the stamp was essential to support the State's contention the check had been uttered in Linn County.

III. Courts have long recognized the difficulty of proving by direct evidence the location where a forgery actually occurred, due to the very nature of the act itself. See Annotation 164 A.L.R. 621, 649–660.

Acts of this sort are not usually done in the presence of witnesses but in places of concealment, with a view to prevent detection; and it is rarely that the prosecution can offer any evidence of the place of forgery, except that which arises from the utterance of the forged instrument. Because of this obvious difficulty, courts have relied on various presumptions or inferences to permit a finding of proper jurisdiction and venue, in order to make prosecution possible. Usually these presumptions or inferences result from defendant's possession or uttering of the forged instrument.

■ Ordinarily, "jurisdiction, as contrasted with venue, refers to the power of the court to decide an issue on its merits, whereas venue refers to the place where the cause sued upon should be tried." O'Kelley v. Lochner, 259 Iowa 710, 145 N.W.2d 626, 627; and Hulburd v. Eblen, 239 Iowa 1060, 1064, 33 N.W.2d 825, 827.

■ "It is the well-settled law in this State that the jurisdiction of the district court is limited to offenses committed within the county in which the court is held. Section 13449, Code, 1935 [Now section 753.2, Code, 1966]. This statute provides that: 'The local jurisdiction of the district court is of offenses committed within the county in which it is held.'

"Under this statute a conviction cannot be sustained unless the State proves that the crime was committed within the county in which the indictment was returned. * * *" State v. Brooks, 222 Iowa 651, 652, 269 N.W. 875.

State v. Ladd, 252 Iowa 487, 489, 106 N.W.2d 100, 101, relying on the Brooks case, interprets this statute as making *venue a jurisdictional fact* the State must prove as a vital ingredient of any prosecution and, unless the court takes judicial notice thereof or the accused admits it, the same must be shown by competent evidence either direct or circumstantial. See also State v. Stumbo, 253 Iowa 276, 278, 111 N.W.2d 664, 665; and 23 C.J.S. Criminal Law § 914a.

■ Venue is put in issue by a plea of not guilty. Sharp v. Waddill, Ky., 371 S.W.2d 14, and citations.

IV. We believe it would be beneficial as a guide to the trial courts and the profession for us to determine the degree of certainty required by law for the State to establish venue in a criminal prosecution.

In announcing his ruling the court stated:

"One of the things the State must prove in every criminal prosecution is that the offense charged took place within the county of prosecution. In this case they have to prove not only there was forgery committed and defendant committed the forgery, but must also prove beyond a reasonable doubt this forgery was committed in Linn County."

There is a split of authority on whether venue must be proved beyond a reasonable doubt or by a preponderance of evidence. In State v. Wiedenfeld, 229 Wis. 563, 282 N.W. 621, 623, it is said:

" * * * [I]n twenty-seven jurisdictions, including Wisconsin, it is held that venue in a criminal case must be proved beyond a reasonable doubt." The opinion does not list jurisdictions supporting this view but our own research indicates such rule has been announced in the following cases: Musselwhite v. State, 217 Ga. 755, 125 S.E.2d 46, 47; People v. Church, 366 Ill. 149, 7 N.E.2d 894, 898; State v. International Paper Co., 201 La. 870, 10 So.2d 685, 686; Presley v. State, 217 Miss. 112, 63 So. 2d 551, 554–555; State v. Elmore, 126 Mont. 232, 247 P.2d 488, 493; State v. Domer, 1 Ohio App.2d 155, 204 N.E.2d 69, 79; State v. Cooksey, 242 Or. 250, 409 P.2d 335, 336; and Smazal v. State, 31 Wis.2d 360, 142 N.W.2d 808, 809.

Among jurisdictions holding only a preponderance of evidence is required are: Nobles v. State, 189 Ark. 472, 74 S.W.2d 247, 248; People v. Cavanaugh, 44 Cal.2d 252, 282 P.2d 53, 59; Chaudoin v. State, Fla.App., 118 So.2d 569, 572; Literal v. Commonwealth, 250 Ky. 565, 63 S.W.2d 587, 590; State v. Glasscock, 76 N.M. 367, 415 P.2d 56, 57; People v. Hetenyi, 304 N. Y. 80, 106 N.E.2d 20, 21–22; Holsonbake v.

State (Okl.Cr.), 416 P.2d 178, 179; State v. Brown, 97 R.I. 95, 196 A.2d 138, 141; Stinson v. State, 181 Tenn. 172, 180 S.W.2d 883, 885; King v. State, 166 Tex.Cr.R. 231, 312 S.W.2d 501, 505; State v. Mitchell, 3 Utah 2d 70, 278 P.2d 618, 620; and State v. Stafford, 44 Wash.2d 353, 267 P.2d 699, 701.

We have been unable to find that the question has been directly passed on by this court. However, in State v. Brooks, 222 Iowa 651, 652–653, 269 N.W. 875, 876, defendant had been convicted of rape in the Polk district court. On appeal he asserted the State had failed to prove by sufficient evidence that venue of the offense was in Polk County. The court sets out what is now Code section 753.2 and notes that a conviction under it cannot be sustained unless the State proves the offense was committed in Polk County, which is where the indictment was returned. The trial court instructed the State must prove beyond a reasonable doubt the offense was committed in Polk County and because the defendant did not except to the instruction we held on appeal that this instruction was the law of the case. The venue question was not further considered.

Difference of position in the various jurisdictions passing on the question seems to be based on whether venue is regarded in that jurisdiction as being a material part of the offense or material allegation of the indictment on the one hand or as not being an integral part or a material element of the offense on the other. Others do not specifically state their rationale. See 30 Am.Jur. 2d, Evidence, section 1174.

█ We prefer to continue in our position that venue is a jurisdictional fact which the State must prove as a vital ingredient of any prosecution. In order to secure a conviction in a criminal prosecution it is necessary to show not only that the act denounced as a crime has been committed but that it has been committed within the territory where the law invoked for its punishment prevails.

We therefore hold venue must be proved beyond a reasonable doubt.

V. Although the burden of proof is to convince beyond a reasonable doubt, the State can generate a jury question on the issue of venue by producing evidence which is either direct or circumstantial from which it may be inferred. No positive testimony that the violation occurred at a specific place is required, it is sufficient if it can be concluded from the evidence as a whole that the act was committed in the county where the indictment is found. Circumstantial evidence may be and often is stronger and more convincing than direct evidence.

" * * * If, from the facts and evidence, the only rational conclusion which can be drawn is that the crime was committed in the state and county alleged, the proof is sufficient. * * *" 30 Am.Jur.2d, Evidence, section 1131.

Our own cases support the foregoing statement. State v. Waterbury, 133 Iowa 135, 139, 110 N.W. 328, 329, quoting 2 Bishop, Criminal Proc., section 433; State v. Meyer, 135 Iowa 507, 511, 113 N.W. 322, 324; State v. Caskey, 200 Iowa 1397, 1398, 206 N.W. 280, 281; and State v. Ostby, 203 Iowa 333, 338, 210 N.W. 934, 935, 212 N.W. 550, where the court said: "We have also determined that venue may be proved by inference as well as by direct assertion by the witness [citing cases]. In other words, a sum total of these holdings is that the witness need not testify in words that the crime was committed within the county in question, but that such fact, if fairly inferable from the testimony given, is sufficient to carry the question of venue to the jury."

A summary of approaches to the problem is well stated in 164 A.L.R. 621 at 650:

" * * * [I]t may be said at the outset that the general import of most of the cases, whether they refer to the matter as one of presumption, or prima facie evidence, or inference, is that evidence showing that the defendant uttered or had possession of the forged instrument in a particular county will suffice to show that the place of the forging was in that county, at least in the absence of direct evidence showing the contrary or circumstances or testimony repelling that conclusion. In other words, a showing of defendant's possession or uttering of the forged instrument within the county will generally suffice to carry to the jury the issue of venue in a forgery case in which venue is laid in the county of such possession or uttering.

"There is a substantial amount of authority to the general effect that in a trial for forgery, where it is shown that the instrument was a forgery and was first found in its forged condition when it appeared in the possession of the defendant in a particular county, it may be presumed, in the absence of testimony or circumstances repelling that conclusion, that the forging was done in the county where the forged instrument was first uttered by the defendant or found in his possession."

VI. When a forged instrument is uttered or attempted to be uttered, in the absence of evidence to the contrary, it may be presumed prima facie to have been forged in the county where it is so uttered, or the attempt made. But such a presumption depends upon proof that the uttering was by the same person charged with the alteration, or that the one so charged had possession of the instrument where the uttering occurred. Heard v. State, 121 Ga. 138, 48 S.E. 905, 906; Cole v. State, 232 Md. 111, 194 A.2d 278, 281; State v. Douglas, 312 Mo. 373, 278 S.W. 1016, 1022, and citations; 1 Wharton, Criminal Evidence (Twelfth Ed.), section 92, footnote 5, 1968 pocket supplement; and 36 Am.Jur.2d, Forgery, section 45.

Of course, where the accused can be positively identified as having uttered the forged instrument, the prosecution does not necessarily have the venue problem of forgery as defendant may there be charged with uttering contrary to Code section 718.2.

VII.   Generally courts, when considering the matter of presumptions, prima facie evidence and inferences in connection with venue in forgery cases, have combined those involving uttering or attempts to utter with those involving possession of a forged instrument.   Where the defendant-forger was not himself the utterer, a different problem could be presented as "the making or alteration of *any writing* with a fraudulent intent, whereby another *may* be prejudiced, is *forgery*.   It is not essential that any person should be actually injured."   State v. Wooderd, 20 Iowa 541, 547.

■   We believe possession of a forged instrument is prima facie proof, in the absence of testimony or circumstances repelling that conclusion, that the forgery was committed where such possession was first known or found in its forged condition.   As supporting this proposition see State v. Johnson, 189 Kan. 571, 370 P.2d 107, 109; Nix v. State, 20 Okl.Cr. 373, 202 P. 1042, 1045, 26 A.L.R. 1053 (1922); and Spencer v. Commonwealth, 2 Leigh 751 (Va.1830); quoted in Cole v. State, supra.

Prima facie proof has been defined as that which standing alone unexplained or uncontradicted is sufficient to sustain the proposition offered and if not rebutted remains sufficient for that purpose.   Allied Beauty Products Mfg. Co. v. Chemical Borings Co. of America, 331 Ill.App. 112, 72 N.E.2d 451.

VIII.   As   indicating   circumstances which may properly be considered as bearing on the question of venue in forgery cases see State v. Gibson, 228 Iowa 748, 751, 292 N.W. 786, 787.   Gibson, a Cedar Rapids resident, identified as the person who cashed the check, was prosecuted for forgery in Jones County of a check drawn on an Anamosa bank.   On appeal she contended that the venue of the crime had not been established in Jones County.   In affirming her conviction the court approved the following instruction:

■

"In this connection you may consider the alleged possession of defendant in Jones County, Iowa, of the check claimed to have been forged, the bank upon which it was drawn, the place of the alleged passing of the check, the alleged residence of defendant, and all of the facts and circumstances disclosed by the evidence bearing upon this question, and from it all, it is for you to determine whether the alleged offense was committed in Jones County, Iowa."

■   IX.   Where the State relies upon circumstantial evidence alone to generate a jury question on the issue of venue, of course, the trial court will instruct on the jury's use of such evidence in deciding whether the State has proved venue beyond a reasonable doubt.

X.   While the court in this case based its direction of a verdict upon the claimed failure of the State to establish matters of fact, we believe the court erred on a matter of law by failing to apply a proper rule to the facts before it, namely, there is a presumption that an instrument was forged in the county where its existence was first known or it was offered in a forged condition which will suffice to sustain the venue of a forgery prosecution in that county unless there is other evidence to overcome that conclusion.

■   The facts to which we believe the trial court should have applied this presumption or inference may be summarized as including the mailing of the check to defendant at Cedar Rapids where he resided and was employed; his forgery of Kathie Welsh's name as an endorsement;   the stamp, "Pay any Bank, P.E.G., The Merchants National Bank of Cedar Rapids, Iowa", which means prior endorsements guaranteed as the only other endorsement relied on by the drawee bank as a basis for debiting Fineberg's account;   the check being marked "Paid" by the drawee bank which necessarily relied on the genuineness of the endorsement by the Merchants Bank where defendant did business or at least ob-

**154**

tained money with which to make Mrs. Welsh a loan.

■ Of course, the judgment of the trial court is a finality with respect to the discharge of the defendant, but its action in directing a verdict for defendant is

Reversed, but not remanded.

All Justices concur.