**STATE of Iowa, Appellee,**

v.

**Ronald Michael CONLEY, Appellant.**

**No. 54006.**

Supreme Court of Iowa.

April 7, 1970.

Victor N. Kennedy, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., William W. Garretson, Asst. Atty. Gen., and David J. Dutton, County Atty., Waterloo, for appellant.

REES, Justice.

Appellant was convicted of breaking and entering the Tot to Teen Shop in Waterloo in violation of section 708.8, Code. He was sentenced to serve a term of not more than ten years in the penitentiary, and appeals from this judgment. We affirm.

Appellant advances four claimed errors on the part of trial court upon which he

relies for reversal: (1) in sustaining the State's motion for continuance of trial on grounds the attendance of a witness could not be secured, appellant contending State had not complied with Rule 183, Rules of Civil Procedure, or Section 780.2, Code, 1966, (2) in overruling appellant's motion to direct verdict because of lack of proof of venue, (3) in overruling appellant's motion based upon claimed insufficiency of evidence to convict, and (4) appellant did not receive a full, fair and impartial trial secured to him by law.

■ I. Defendant was charged by county attorney's information with breaking and entering in violation of section 708.8, Code, 1966. Information alleges the date of the commission of the crime to have been January 15, 1969. The date of the arrest of the defendant does not appear in the record, but it does appear that a preliminary hearing was held on January 24, 1969, at which time the defendant was bound over. On March 14 the county attorney's information was filed and the defendant appeared, waived formal arraignment, waived time to plead, and entered a plea of not guilty. On the same date the court entered an order fixing trial for April 21, 1969 at 9 o'clock, a. m. On the morning of April 21, 1969, the State filed the affidavit of Robert W. Braun, an assistant county attorney, in which it was alleged the State's chief witness Donna Stephens had been served with a subpoena and had not appeared, and that without the testimony of the witness Stephens the State was unable to proceed to trial. A record was made and it was made to appear Mrs. Stephens had been served with a subpoena to appear on the Friday prior to April 21, but that as of April 21 she was out of the state and her attendance at trial could not be secured. The motion for continuance was verified and the affidavit of Assistant County Attorney Braun was appended thereto. Appellant complains the court erred in sustaining the motion for continuance and fixing date of trial for June 30, 1969, at 9 o'clock, a. m. Appellant strenuously resisted the motion to continue, asserting section 780.2, Code, 1966, and rules 182 and 183, R.C.P. had not been complied with because the motions for continuance must be supported by written affidavit showing the name and residence of the absent witness, that due diligence was shown to have been exercised by the movant to secure the attendance of the witness, and that the substance of the testimony of the witness should have been set forth by affidavit. Concededly the motion and its supporting affidavit did not embrace the matters mentioned in the resistance.

Section 780.2, Code, provides, "The provisions of the code of civil procedure relative to the continuances of the trial of civil causes shall apply to the continuance of criminal actions, but no judgment for costs shall be rendered against a defendant on account thereof, except as in this code otherwise provided."

The reference in the above cited section is obviously to rule 183, R.C.P.

Sub-section (b) of rule 183 provides, "(b) All such motions based on absence of evidence must be supported by affidavit of the party, his agent or attorney, and must show: (1) The name and residence of the absent witness, or, if unknown, that affiant has used diligence to ascertain them; (2) what efforts, constituting due diligence, have been made to obtain such witness or his testimony, and facts showing reasonable grounds to believe the testimony will be procured by the next term; (3) what particular facts, distinct from legal conclusions, affiant believes the witness will prove, and that he believes them to be true and knows of no other witness by whom they can be fully proved. If the court finds such motion sufficient, the adverse party may avoid the continuance by admitting that the witness, if present, would testify to the facts therein stated, as the evidence of such witness."

The appellant insists the State was held to a strict compliance with the provisions of rule 183, and in view of the fact the

motion for continuance and supporting affidavit failed to set out the substance of the testimony of the absent witness, the court erred in sustaining the motion to continue. The present section 780.2 of the code has appeared in the codified law of this state and in its present form for more than a century. All of the cases cited by appellant in support of this proposition upon which he relies for reversal involved situations where the motion to continue was made on the part of the defendant in a criminal case, save and except for State v. Painter, 40 Iowa 298, in which case a motion for continuance supported by affidavit was filed by the prosecuting attorney, and was overruled, and on appeal this court said,

"While much is left to the discretion of the court in passing upon an application for continuance, its ruling should not be arbitrary or in violation of the rights of either the state or the defendant." State v. Painter, supra, loc. cit. 300.

To require the State to set out in a motion for continuance the substance of the testimony of the missing witness would have necessitated a repetitious account of her testimony with respect to which the defendant had already been apprised. We can find no prejudice to the defendant in the court's order sustaining the State's motion for continuance.

■■ II. In his second assigned error, the appellant contends the trial court erred in overruling the defendant's motion for a directed verdict, based upon the claim of the appellant that the State had failed to prove the venue of the alleged offense, insisting "there was only indirect evidence regarding the City of Waterloo being involved in the matter." From a review of the record, we find that one of the witnesses who identified the defendant as being present at the scene of the crime only minutes before its commission, testified he was engaged in a business enterprise on Sycamore Street in the city of Waterloo, and that his place of business was directly across the street from the Tot to Teen Shop which the defendant is charged with having broken and entered. This court has repeatedly held courts will take judicial notice of the geography of the state and a witness need not testify in words that the crime was committed in the county in question, but that such fact, if fairly inferable from the testimony given, is sufficient to carry the question of venue to the jury. The trial court, as the record discloses, took judicial notice that the city of Waterloo is in Black Hawk County, Iowa, was correct in so doing. State v. Heft, 148 Iowa 617, 627, 127 N.W. 830; State v. Mitchell, 139 Iowa 455, 116 N.W. 808; State v. Brooks, 222 Iowa 651 at 653, 269 N.W. 875; State v. Benson, 247 Iowa 406, 415, 72 N.W.2d 438; State v. Ladd, 252 Iowa 487, 490, 106 N.W.2d 100; State v. Ostby, 203 Iowa 333, 338, 210 N.W. 934, 212 N.W. 550; State v. Caskey, 200 Iowa 1397, 1398, 206 N.W. 280.

Under the above cited prior decisions of this court, we conclude there was abundant evidence to take the question of venue to the jury.

■ III. In the third and fourth propositions relied upon by the appellant to secure a reversal, he contends: (1) the court erred in overruling defendant's motion for directed verdict because of insufficient evidence to convict, and (2) the defendant did not receive a full, fair and impartial trial. We have reviewed the record fully. The defendant was positively identified by two witnesses, one of whom placed him at the scene of the crime only minutes before its actual commission, and the second of whom actually saw him in the premises after he had gained entrance thereto. There was abundant testimony to justify the trial court in submitting the case to the jury. Finding no reversible error, the case is affirmed.

Affirmed.

All Justices concur, except RAWLINGS and BECKER, JJ., who concur in the result.