STATE of Iowa, Appellee,

v.

Jerry Lee HACKETT, Appellant.

No. 55156.

Supreme Court of Iowa.

May 11, 1972.

Frank M. Krohn, Newton, for appellant.

Richard C. Turner, Atty. Gen., Richard N. Winders, Asst. Atty. Gen., Dennis Chalupa, County Atty., for appellee.

MASON, Justice.

A Jasper County grand jury returned an indictment charging Jerry Lee Hackett with the crime of sodomy contrary to section 705.1, The Code. Before arraignment, counsel was appointed for Hackett. Following defendant's plea of not guilty, trial to a jury was commenced. Motion for directed verdict made at the close of the State's evidence and renewed at the close of all evidence was overruled and the matter submitted to the jury which returned a verdict of guilty. Motion to set aside the verdict and for new trial was overruled and defendant was sentenced to the state penitentiary for not to exceed ten years.

He appeals from the judgment contending the court erred in overruling his motions for directed verdict and in failing to declare a mistrial.

The code section upon which the indictment is based provides:

"Definition. Whoever shall have carnal copulation in any opening of the body except sexual parts, with another human being, or shall have carnal copulation with a beast, shall be deemed guilty of sodomy."

Although the opinion does not deal with the precise problem presented by defendant's appeal in the case before us, we consider it advisable to call attention to the interpretation placed on this code section in State v. Simpson, 243 Iowa 65, 50 N.W.2d 601.

I. In his first assignment attacking the court's adverse ruling on his motion for directed verdict defendant contends testimony of the State's witnesses was vague and uncertain as to the location of the alleged crime.

Venue is a jurisdictional fact put in issue by a plea of not guilty which the State must prove beyond a reasonable doubt as a vital ingredient of any prosecution. In order to secure a conviction in a criminal prosecution it is necessary to show not only that the act denounced as a crime has been committed but that it has been committed within the territorial jurisdiction of the court in which the criminal charge is filed. State v. Wardenburg, 261 Iowa 1395, 1401, 158 N.W.2d 147, 150.

State v. Brooks, 222 Iowa 651, 652, 269 N.W. 875, has this statement:

"It is the well-settled law in this State that the jurisdiction of the district court is limited to offenses committed within the county in which the court is held. Section 13449, Code 1935 [Now section 753.2, Code, 1971]. This statute provides that: 'The local jurisdiction of the district court is of offenses committed within the county in which it is held.'

"Under this statute a conviction cannot be sustained unless the State proves that the crime was committed within the county in which the indictment was returned. * * *." This statement is quoted with approval in State v. Wardenburg.

Examination of the record discloses that the complaining witness, defendant's ten-year-old sister, testified that the alleged act occurred in the garage at defendant's residence in Ira, Iowa. She didn't know if Ira was in Jasper county, but stated it was near Mingo, Iowa. She testified that you go west from Ira to get to Mingo. The 12-year-old corroborating witness testified that she lived with defendant in Ira when the alleged act occurred.

In considering the problem of venue in State v. Wardenburg, 261 Iowa at 1403, 158 N.W.2d at 152, the court said:

"Although the burden of proof is to convince beyond a reasonable doubt, the State can generate a jury question on the issue of venue by producing evidence which is either direct or circumstantial from which it may be inferred. No positive testimony that the violation occurred at a specific place is required, it is sufficient if it can be concluded from the evidence as a whole that the act was committed in the county where the indictment is found. Circumstantial evidence may be and often is stronger and more convincing than direct evidence.

" ' * * * If, from the facts and evidence, the only rational conclusion which can be drawn is that the crime was committed in the state and county alleged, the proof is sufficient. * * *.' 30 Am.Jur. 2d, Evidence, section 1131." See also State v. Dykes, 261 Iowa 1363, 1365, 158 N.W.2d 154, 155–156.

In State v. Conley, 176 N.W.2d 213, 215 (Iowa 1970), the court made this statement:

" * * * This court has repeatedly held courts will take judicial notice of the geography of the state and a witness need not testify in words that the crime was committed in the county in question, but that such fact, if fairly inferable from the testimony given, is sufficient to carry the question of venue to the jury. * * * [citing authorities]."

The court was justified under this record in taking judicial notice that Ira is in Jasper county. Thus, there was ample evidence to generate a jury question on the issue of venue. Defendant's assignment is without merit.

II. Defendant's other attack on the court's adverse ruling on his motion for directed verdict is based on the assertion the State's evidence bearing on penetration was vague and uncertain.

We deem it unnecessary to befoul our pages with the details of the incident giving rise to this prosecution. It is sufficient to say that the penetration proved by the prosecution was "per os" (through the mouth).

This statement in State v. Brown, 172 N.W.2d 152, 153 (Iowa 1969), is apposite:

"On defendant's appeal from criminal conviction based on jury verdict challenging sufficiency of evidence to sustain the verdict we view the evidence in the light most favorable to the State and accept as established all reasonable inferences tending to support action of the jury. It is necessary to consider only the supporting evidence whether contradicted or not. * * * [citing authorities]."

After stating the same principle in somewhat different language, the opinion in State v. DeRaad, 164 N.W.2d 108, 109, (Iowa 1969), adds:

" * * * The finding of guilt by the trier of fact is binding on us unless we are satisfied it is without substantial support in the evidence or is clearly against the weight thereof. * * * [citing authorities]."

In the light of these pronouncements testimony of the complaining witness was

clearly sufficient to generate a jury issue on the question of penetration. Defendant's second assignment cannot be sustained.

III. Defendant argues in his third division the court erred in not declaring a mistrial at the close of all evidence in the case or including in instruction 11 a provision for the coaching of witnesses.

Instruction 11 given by the court is substantially uniform jury instruction, civil, 1.5, prepared by Special Committee on Uniform Court Instructions of the Iowa State Bar Association. It deals with the weight of the evidence, credibility of witnesses and conclusions to be drawn from the facts and circumstances proved.

When the instructions in their final form were submitted by the trial court to counsel and opportunity given to make objections or request any special instructions, defendant reserved the right to make objections to the instructions at a future time.

■■■■ In a criminal case it is permissible to postpone objections to instructions until after trial and to make them a basis for a new trial. State v. Wisniewski, 171 N.W.2d 882, 886 (Iowa 1969). This right of a defendant in a criminal case to attack the court's instructions for the first time in motion for new trial is subject to two exceptions. A party may waive the right, State v. Hagen, 258 Iowa 196, 203, 137 N. W.2d 895, 899, or if the instruction was correct as given but not as explicit as a party may have desired, he must request an additional instruction before the jury is charged. * * * [citing authorities]." State v. Cox, 196 N.W.2d 430 (Iowa filed, April 13, 1972).

In motion for new trial although defendant challenges the correctness of instruction 17, he makes no complaint as to instruction 11. Since there is no instruction designated as 17, we believe defendant is referring to instruction 15 and the giving

of that instruction is not assigned as error on appeal.

■■■■ Thus, defendant is now in the position of arguing for the first time in this court that instruction 11 dealing with the weight of the evidence and credibility of witnesses was not as explicit and amplified as he desired. A defendant cannot reserve such attack on the court's instructions under the holdings of this court cited, supra.

This record presents nothing for review in this court.

IV. Defendant's contention urged in the other portion of his third assignment, the court should have declared a mistrial, is based on the assertion the victim was being coached while on the witness stand. Defendant's wife testified over objection that during the trial she had observed the complaining witness watching another person in the courtroom for a clue in answering questions propounded. However, defendant did not pursue the matter now complained of by motion for mistrial or by request for positive action by the trial court. It was not asserted as a ground in motion for new trial.

Of course, it is reprehensible for a spectator to try to influence a witness while the witness is testifying, or to try to convey directions to the witness as to the answers that should be given.

■■■■ Misconduct on the part of a spectator constitutes grounds for a mistrial if the misconduct is of such character as to prejudice the defendant or influence the verdict. State v. Curtis, 192 N.W.2d 758, 761 (Iowa 1971), citing authorities.

There are two reasons why defendant's contention is without merit.

■■■■ First of all, before the trial court can be put in error in such circumstances, generally it must be clearly shown that the attorney who considered himself aggrieved insisted on a ruling and the court failed or refused to make one or made a ruling

which was erroneous. State v. Hephner, 161 N.W.2d 714, 717 (Iowa 1968) and authorities cited therein.

 Even if it could be argued that the trial court had a duty to take some sort of curative action after it had observed or had its attention called to the fact that a spectator was coaching a witness, much must, of necessity, be left to the sound discretion of the trial court since it had the opportunity to see and hear everything that transpired. Such discretion will not be disturbed unless it clearly appears it has been abused. Robinson v. State, 37 Ala. App. 403, 71 So.2d 843, 845, cert. den. 260 Ala. 700, 71 So.2d 846, cert. den. 348 U.S. 833, 75 S.Ct. 55, 99 L.Ed. 656. See also Annot., 81 A.L.R.2d 1142.

 The incident was not such as to require a mistrial ruling. The jury was capable of assessing the situation. There was no abuse of discretion. State v. Curtis, 192 N.W.2d at 761.

Finding no error, the case is therefore Affirmed.

All Justices concur, except Mc-CORMICK, J., who takes no part.