THE STATE v. PAINTER AND LINDLEY.

**Continuance:** DISCRETION: TRIAL.   While much is left to the discretion
of the court in passing upon a motion for continuance, its ruling should
neither be arbitrary nor in violation of the rights of the parties.   In a
criminal action, the state, as well as the defendant, is entitled to a reason-
able time in which to procure the attendance of witnesses, and prepare
for trial.

*Appeal from Monona District Court.*

FRIDAY, MARCH 19.

THE defendants were indicted on three separate indictments
for the crime of larceny.   The indictments were filed Febru-
ary 7, 1874; Lindley was arrested July 17, 1874, and remained
in custody until the 21st day of July, 1874, the first day of
the term of the District Court, when he appeared by himself
and counsel, waived arraignment and pleaded not guilty, and
demanded an immediate trial.   Whereupon the District
Attorney filed an application for a continuance of the cause
until the next day, which was overruled, and each cause
ordered dismissed as to Lindley.   The State appeals.

*M. E. Cutts, Attorney General,* and *C. H. Lewis,* for the
State.

MILLER, CH. J.—The application for the continuance was
based upon the following affidavit:

" STATE OF IOWA,  }
  Monona County.  } ss.

I, C. H. Lewis, on oath, depose and say that I am District
Attorney, 4th Judicial District, Iowa, and the attorney for the
State in each of the above entitled actions.   That J. C. Hol-
lister and John Fowler are material witnesses on the part of
the State, without whose testimony I cannot safely proceed to
trial in said actions, or either of them.

That after the indictments in these cases, and on the 18th
day of July, 1874, I procured a subpœna to be issued from

the office of the Clerk of this Court for said witnesses in each of said cases. And that on the 18th day of July, 1874, the said subpœnas were duly and legally served upon each of the witnesses, Hollister and Fowler, at Harrison county, Iowa, as will more fully appear by reference to the returns on the subpœnas filed in this court in the above entitled cases, to which reference is here made.

That said witnesses, and each of them, have failed to attend upon this court, in obedience to said subpœnas. That said witnesses, and each of them, now reside at Missouri Valley, Harrison county, Iowa, distant about forty miles, and that said witnesses are at home, as this affiant is informed and believes. And that their attendance can, as I believe, be had at this term of court, and on to-morrow morning, by attachment. Though I have no positive assurance that said witnesses will be present on to-morrow, or at this term of this court.

And I further depose and say that said witnesses can be held to testify in each of said cases at the next term of this court.

And I further state that I expect to prove by the witness John Fowler, that he purchased of the defendant, Ed. Lindley, the property described in the indictments herein. That he purchased the said property on the day after the same was stolen. That said property when purchased was in the possession of the defendant Lindley, and the other defendants herein. That this defendant Lindley had secreted the property after he arrived at the town of Missouri Valley, in Harrison county, where said Fowler then resided and was engaged in the butcher business. And that said Lindley moved the cattle from the place where he stole the same to the town of Missouri Valley in the night time, and in a secret manner.

And I further state that I expect to prove by the witness J. C. Hollister that he came by purchase into the possession of an animal stolen by defendant at the time the cattle described in these indictments were stolen. And that said witness will identify said defendant as the party who had said animal on the day, or soon after, said property was taken.

And I further state that I believe all of the above stated

facts to be true.   And that I know of no other witness by whom the same can be fully proved.

C. H. LEWIS.

Sworn to before me and subscribed in my presence by C. H. Lewis, this 21st day of July, 1874.

JOHN K. McKASKEY,
*Clerk of District Court.*"

The record further shows that the county seat where the court was being held and the place of residence of the witnesses are connected by railroad; that a person could have reached such residence from the county seat at 6 o'clock, P. M., the 21st day of October, and could have returned at midnight, or at 10 o'clock, A. M., the next day, at his election.

While much is left to the discretion of the court in passing upon an application for continuance, its ruling should not be arbitrary or in violation of the rights of either the State or the defendant.   It is manifest to us that in this case the rights of the State have been clearly violated.   The defendant was arrested only a few days before the term of the court, the witnesses for the State were subpœnaed on the very next day after the arrest, which was three days before the term; and on the first day of the term, the witnesses not being in attendance, the application for continuance was promptly made.   A higher degree of diligence could scarcely have been exercised; the testimony of the witnesses was material, and it was shown that they could have been brought in by attachment by the next morning.   The court should at least have continued the case until the next day, and allowed the District Attorney an opportunity to bring in his witnesses.   The State, as well as the defendant, was entitled to a reasonable opportunity to procure its witnesses and be prepared for trial.   The ruling of the court operated to deprive it of this right, and was, therefore, erroneous, and its judgment must be

REVERSED.