# IN THE COURT OF APPEALS OF IOWA

No. 19-0940
Filed June 17, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DUSTIN D. GILLIAM,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Polk County, Donna L. Paulsen, Judge.

        Dustin Gilliam appeals from a district court order sentencing him on a number of cases. **AFFIRMED.**

        Karmen Anderson, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

        Considered by Bower, C.J., and Doyle and Schumacher, JJ.

**SCHUMACHER, Judge.**

After several months of criminal activity, Dustin Gilliam was apprehended and incarcerated. Over this period, Gilliam's most severe crime involved breaking into a storage unit containing his ex-girlfriend's property and damaging appliances and furniture therein. For his actions at the storage unit in late January 2019, Gilliam was charged with criminal mischief in the second degree and burglary in the third degree, although the charges were brought under different case numbers. In April 2019, Gilliam submitted written pleas in several misdemeanor cases. At plea and sentencing proceedings in June, the district court judge sought to achieve a global resolution of Gilliam's many pending cases, including the two felony charges associated with the storage-unit break-in. The court granted the State's motion to consolidate the two felony charges into the case number previously associated with the charge for criminal mischief in the second degree and another lesser charge. The case number originally associated with the burglary matter no longer held any charges. The court accepted pleas on the felony charges and imposed sentence.

Gilliam appeals from the court's order, contesting the court's decision to transfer the burglary charge between case numbers and arguing he received ineffective assistance of counsel. He premises his ineffective-assistance claim on an alleged lack of factual basis to support two of the misdemeanor cases and on a lack of a verbatim record in one of the misdemeanor cases. We find that the court's grant of the motion to consolidate promoted significant judicial economy and was therefore no abuse of discretion. With respect to Gilliam's ineffective-assistance-of-counsel claims, we disagree that a factual basis was lacking in the

misdemeanor cases as he alleges, and we find he cannot prove he was prejudiced by the lack of a verbatim record in SRCR321488.  We affirm Gilliam's convictions and sentences.

## I.  Background Facts and Proceedings

On March 21, 2018, Officer Matthew Hadsall of the Polk County Sheriff's Office executed a traffic stop of Dustin Gilliam in the 5200 block of NE 14th street. Dustin Gilliam identified himself as Joshua Gilliam, which is the name of his brother.  Officer Hadsall issued Dustin Gilliam citations under the name Joshua Gilliam.  Upon discovering that Dustin had misidentified himself as Joshua, Officer Hadsall charged Dustin Gilliam with malicious prosecution in violation of Iowa Code section 720.6 (2018) under case number SRCR320116.

On September 27, 2018, officers responded to a call for help concerning a domestic disturbance at a restaurant in Johnston, Iowa.  They encountered Dustin Gilliam's ex-girlfriend, Mandi Mayland, in the parking lot.  Mayland explained that Gilliam had punched the lower corner of her car's windshield, shattering it.  Gilliam was charged in case SRCR321474 with criminal mischief in the fourth degree in violation of section 716.6(1)(A)(1).

On September 12, 2018, Gilliam was stopped by Windsor Heights Police Officer Chris Clingan for running a red light.  He again identified himself by his brother's name, not his own.  Several citations were issued under his brother's name.  Upon discovery that Gilliam had falsely identified himself, Gilliam was charged under case number SRCR321488 with malicious prosecution in violation of section 720.6.

The precipitating event for the discovery of Gilliam's pattern of misidentification came on October 15, 2018, when Joshua Gilliam contacted law enforcement to inform them that his brother, Dustin Gilliam, had been identifying himself as Joshua during confrontations with police. Dustin had reportedly aroused no suspicion when identifying himself as Joshua and had committed Joshua's social security number to memory.

On January 28, 2019, Dustin Gilliam helped Mayland move items into a storage unit at Storage Mart on Merle Hay Road in Johnston, Iowa. Security camera footage shows that Gilliam drove a Penske moving truck to the storage facility.

On January 30, 2019, the manager of the storage facility, Mary Clendenen, reported that she had discovered a burglary of a storage unit. The storage unit in question was rented out to Mayland. Clendenen reported that the storage unit's padlock had been cut and the latching mechanism had been damaged. Inside the unit, appliances and furniture items had been damaged. Video surveillance revealed Gilliam as the perpetrator. Further investigation revealed Gilliam's driver's license was barred and that there was a no-contact order protecting Mayland. For his actions at the storage unit, Gilliam was charged with criminal mischief in the second degree, in violation of Iowa Code section 716.4(1) (2019), and driving while barred, in violation of Iowa Code section 321.561. These two charges were assigned the case number FECR324885. However, Gilliam was also charged for his actions at the storage unit with burglary in the third degree in violation of section 713.6A. That charge was assigned the case number FECR326873. Gilliam was taken into custody in February.

On April 4, Gilliam pleaded guilty to SRCR320116, SRCR321474, and SRCR321488 by written petitions to plead guilty.

On May 3, Gilliam came before the district court for a hearing. The transcript of proceedings indicates the matters heard were FECR432885, SRCR 321474, SRCR321488, and SRCR 320116. The State noted, "Your Honor, we're also here on FECR326873," which was the burglary charge. Although there initially was a plea agreement, the plea process broke down upon a disagreement over the factual basis regarding ownership of the property in the storage unit.

The court then indicated that the cases under review would proceed to trial. Gilliam was immediately arraigned on the burglary charge, FECR326873, entering a plea of not guilty and waiving a formal reading of the charges. The court set trial for FECR326873 for June 3, noting,

> I know that's the current date set for Case No. 324885. But as I also understand it, the factual basis supporting the burglary charge is the same as that supporting the criminal mischief charge. So we'll proceed—we'll schedule both of those trials for the same date and then resolve anything as it comes up.

The State gave notice of its intent to file a motion to consolidate those charges, and the defense announced it would resist such a motion. However, the State did not file a motion until June 3, 2019. That motion was captioned "motion to amend trial information," and it cited to Iowa Rule of Criminal Procedure 2.6(1).

Gilliam again appeared before the district court on June 3. The transcript reflects that the cases before the court were FECR324885, SRCR321488, SRCR320116, and SRCR321474. The court's introductory remarks indicated that FECR324885 and FECR326873 were the cases before the court.

The State opened by giving background for its motion to combine the charges. Gilliam's counsel resisted the motion, calling combination "extremely prejudicial" and asserting, "It could very well be if he's exonerated on one of those charges, the State would dismiss one of the charges as a result." The court granted the motion, saying,

> I do find that since these all arise out of the same factual situation, within a couple of days of each other, the barred is related to him driving—allegedly driving into the storage unit when the other two— the criminal mischief and the burglary are the alleged incident on January 30th. So they arise out of the same facts and circumstances. I don't see that it's prejudicial to the defendant to put these together, and so I am going to grant the motion.

Following the court's grant of the motion, the burglary charge became count III of FECR324885.

Discussion was had regarding a number of cases against Gilliam, the full extent of which we will not recount here. Eventually, the court said "let's just focus on the three cases today: The criminal mischief, burglary, and the driving while barred." Gilliam decided to plead guilty and waived time and notice for sentencing for SRCR320116, SRCR321474, and SRCR321488. He agreed to proceed immediately on sentencing on those three charges in addition to the two felony counts.

The court then initiated plea proceedings for counts I and III of FECR324885, which were the charges for criminal mischief in the second degree and burglary in the third degree. The court accepted the guilty pleas to counts I and III in case FECR324885. Count II, driving while barred, was dismissed. The court proceeded to impose sentence on the two counts of FECR324885 and the three misdemeanor cases. The sentencing order also affected other cases not

relevant here. On the same day it issued the sentencing order, the court issued a written order to close case number FECR326873, which had previously held the burglary charge. In the order, the court noted, "the pending charge(s) from the old case number shall proceed under FECR324885."

Gilliam then filed a notice of appeal on June 7,[1] listing case numbers FECR324885, SRCR321474, SRCR321488, and SRCR320116 in the document's caption. The combined certificate, filed July 15, also referenced only those case numbers.

In a letter dated March 24, 2020 and filed April 2, 2020, Gilliam's appellate counsel sent a letter to the Polk County Clerk of District Court requesting transmittal of the record. The letter referenced the four cases mentioned in the notice of appeal but also requested transmittal of the record from FECR326873, the case that originally held the burglary charge. Only the records for SRCR321474, SRCR321488, SRCR230116, and FECR324885 were transmitted on April 3 and 6. The Iowa Supreme Court transferred the case to this court on April 23.

## II. Standard of Review

"Our review of a district court's consolidation order is for abuse of discretion. To show the district court abused its discretion in consolidating, a defendant must prove that his interest in severance was greater than the State's interest in judicial

---

[1] This appeal was pending on July 1, 2019, so we can address an ineffective-assistance claim on direct appeal from a guilty plea if the record is adequate. *See State v. Macke*, 933 N.W.2d 226, 227 (Iowa 2019) ("Iowa Code sections 814.6 and 814.7, as amended, do not apply to a direct appeal from a judgment and sentence entered before July 1, 2019.").

economy." *State v. Hajtic*, 724 N.W.2d 449, 457 (Iowa 2006) (internal citation omitted). "We review ineffective-assistance-of-counsel claims de novo." *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015).

### III. Discussion

Gilliam makes two arguments on appeal. First, he contends the district court abused its discretion when it allowed the trial information in FECR324885 to be amended to include a count for burglary in the third degree. Second, he claims he received ineffective assistance of counsel. His ineffective-assistance argument has two prongs. He maintains that pleas of guilty in SRCR320116 and SRCR321488 are unsupported by a factual basis because the written plea documents do not indicate the county in which the crime occurred, the date that the offense took place, or the name of the victim. He then notes that no verbatim record exists in SRCR321488 and argues that his counsel's failure to ensure a record amounts to ineffective assistance of counsel.

#### A. Consolidation

We determine the district court did not abuse its discretion when it allowed the trial information in FECR324885 to be amended to reflect a charge for burglary in the third degree. We first find that when Gilliam pleaded guilty he waived his right to object on appeal to the district court's ruling, and we also find that he mischaracterizes a consolidation of charges as an addition of a nascent charge.

"It is well established that a defendant's guilty plea waives all defenses and objections which are not intrinsic to the plea." *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). "A valid plea waives all defenses and the right to contest all adverse pretrial rulings." *Schmidt v. State*, 909 N.W.2d 778, 785 (Iowa 2018)

(cleaned up). Gilliam's challenge to the court's decision consolidating the two felony counts into SRCR321885 is not intrinsic to his plea, as it did not implicate the knowing and voluntary nature of his plea. We hold that Gilliam's plea waived his right to contest the court's order amending the trial information in FECR324885.

Even if Gilliam had not waived his protest over consolidation by pleading guilty, we would reject it. Gilliam wrongly disregards the fact that the court's amendment of the trial information in FECR324885 was merely the mechanism by which the court effected a consolidation of two extant charges. Gilliam argues that "burglary is a wholly new and different offense than criminal mischief" and contends he was prejudiced because "[t]he two charges require different proof by the State, which in turn[ ] requires different examination to prepare for, different evidence to rebut or contradict." Quoting Iowa Rule of Criminal Procedure 2.4(8)(a), he says a trial information "is not allowed if substantial rights of the defendant are prejudiced by the amendment, or if a wholly new and different offense is charged."

We do not disagree that burglary is a different charge than criminal mischief; however, Gilliam's arguments obscure that he had already been indicted for burglary well in advance of the State's motion to amend the trial information in FECR324885. While burglary was a new charge to FECR324885, it was not a new charge to Gilliam, and he is therefore unable to show he was prejudiced by the amendment to FECR324885.

Gilliam was arraigned on the burglary charge when it was assigned to case number FECR326873, and that arraignment took place one month prior to the consolidation of the charge into FECR324885. Trial on FECR326873 was

originally scheduled under the old case number for the same day as FECR324885. Under these circumstances, it cannot be said that the amendment prejudiced Gilliam or that the addition of a burglary charge to FECR324885 was "wholly new and different." *See* Iowa R. Crim. P. 2.4(8)(a). Thus, had Gilliam not waived this argument by pleading guilty, we would still find the court did not abuse its discretion in granting the motion to amend the trial information. Significant judicial economy was achieved by the consolidation.

In approving of the district court's consolidation, we note that Gilliam's own court filings have acknowledged the earlier existence of the burglary charge, which substantially undercuts his argument on appeal that he was prejudiced by the appearance of a burglary charge in FECR324885. By seeking to have the record from FECR326873 transferred for appellate review, Gilliam implicitly recognizes his earlier indictment for burglary, which arose from his entry into the storage unit just as the criminal-mischief count did.[2]

---

[2] However, the record of FECR326873 is not part of the record on appeal. Iowa Rule of Appellate Procedure 6.801 provides: "Only the original documents and exhibits *filed in the district court case from which the appeal is taken*, the transcript of proceedings, if any, and a certified copy of the related docket and court calendar entries prepared by the clerk of the district court constitute the record on appeal." (Emphasis added). Gilliam did not cite FECR326873 in his notice of appeal; there was no appealable final judgment in that case; and no party asked the court to take judicial notice of FECR326873 after the trial information in FECR324885 was amended to include the burglary count. Therefore, FECR326873 is not a part of the record on appeal. *See* Iowa R. App. P. 6.801. We may take judicial notice of adjudicative facts such as the record in FECR326873 even on appeal; however, the "general rule" is that it is not proper to take such action "without an agreement of the parties." *State v. Washington*, 832 N.W.2d 650, 655–56 (Iowa 2013) (quoting *Leuchtenmacher v. Farm Bureau Mut. Ins. Co.*, 460 N.W.2d 858, 861 (Iowa 1990)). We need not look for such an agreement here, as the record in FECR324885 includes a transcript of the proceedings in which the charges were consolidated, from which we can discern that Gilliam was not prejudicially surprised when the trial information in FECR324885 was amended to include the

### B. Ineffective Assistance of Counsel

We next consider Gilliam's ineffective-assistance-of-counsel claims. To establish a claim of ineffective assistance of counsel, a defendant must prove: (1) counsel failed to perform an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Rhoades v. State*, 848 N.W.2d 22, 26 (Iowa 2014). The defendant "must prove both elements by a preponderance of the evidence." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). "We normally preserve ineffective-assistance-of-counsel claims for postconviction relief actions." *State v. Wills*, 696 N.W.2d 20, 22 (Iowa 2005). This allows for "full development of the facts surrounding counsel's conduct." *State v. Atley*, 564 N.W.2d 817, 833 (Iowa 1997). "Only in rare cases will the trial record alone be sufficient to resolve the claim." *Id.*; *see also State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002) ("[W]e preserve such claims for postconviction relief proceedings, where an adequate record of the claim can be developed and the attorney charged with providing ineffective assistance may have an opportunity to respond to defendant's claims.").

Gilliam's first ineffective-assistance claim takes issue with counsel's failure to address that the written plea documents in two of his misdemeanor cases do not indicate what county the crime occurred in, the date that the offense took place, or the name of the victim. The two cases challenged are SRCR321488 and SRCR320116. We reject this first ineffective-assistance claim for two reasons.

---

exact charge that was previously present on the trial information in FECR326873. Thus, we can satisfactorily dispose of the issues raised in this case without the need to consider the record from FECR326873. We encourage parties seeking to consolidate criminal charges to request that the district court take judicial notice of the record from cases that have been rendered closed by a transfer of their charges due to consolidation.

We disagree with Gilliam's contention that the facts in question were not supported by the minutes of testimony, and we further find that Gilliam's claim is directed to issues not pertinent to the elements of the charged crimes.

In determining whether a guilty plea is supported by an adequate factual basis, we look to four sources: "(1) inquiry of the defendant, (2) inquiry of the prosecutor, (3) examination of the presentence report, and (4) minutes of evidence." *State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010). Here, Gilliam's written pleas and the minutes of evidence provide the relevant factual basis.[3]

In the written petition to plead guilty in SRCR321488, Gilliam admitted as follows: "I caused the prosecution of my brother by representing I was him to law enforcement after committing various offenses." As Gilliam's appellate brief concedes, the police report in the minutes of testimony in SRCR321488 lists the location of the incident as "ASHWORTH RD AND 19TH ST." This same report, dated October 15, 2018, bears the heading of the Windsor Heights Police Department, located at 1133 66th Street, Windsor Heights, IA 50324. In the summary block near the top of the first page of the report, the county is identified as "Polk," a fact Gilliam attempts to rebut by contending that the designation refers to the address of police department, not the address of the incident. We can reject this argument because Officer Clingan indicates in the narrative portion of the police report that the traffic stop was initiated "at the intersection of Ashworth and 19th Street *in West Des Moines*." (Emphasis added). The narrative portion also indicates the date of the offense was September 12, 2018.

---

[3] Gilliam's written pleas specifically requested the court accept the minutes of testimony as true to establish a factual basis for the offense.

Acknowledging this portion of the report, Gilliam says,

[t]he narrative portion does not give a County or State location, but does provide that it is in West Des Moines. While I may be able to surmise whether or not the incident occurred in Polk County, Iowa, it requires me to go outside the record to make that determination.

To respond to Gilliam's argument that the police report, and therefore the record, allegedly lacks a county designation, we note the broader context of Gilliam's claim. His factual-basis claim is brought as part of a claim that he received ineffective assistance at a district court proceeding taking place in Polk County. Iowa courts "ha[ve] repeatedly held courts will take judicial notice of the geography of the state." *State v. Conley*, 176 N.W.2d 213, 215 (Iowa 1970). Had trial counsel objected to the Polk County District Court that Ashworth and 19th Street in West Des Moines was not in Polk County, such argument would have been meritless. "Because counsel has no duty to raise issues that have no merit," counsel was not ineffective for failing to object as Gilliam alleges was necessary. *See State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009).

Gilliam's claim with respect to SRCR320116 similarly fails. As was the case in SRCR321488, Gilliam identified his brother as the victim, and the minutes of testimony established the date of offense, which was March 21, 2018. The police report in SRCR320116 lists the address of the traffic stop leading to the offense as "the 5200 blk of NE 14th St." While no statement explicitly ties the given address to a city—as was the case with SRCR321488—we find that this flaw does not establish that Gilliam received ineffective assistance. At the top of the police report in a box titled "County in which Incident Occurred," Officer Hadsall indicated "Polk County." The report bears the heading of the Polk County Sheriff's Office, of which

Officer Hadsall is an employee. Gilliam's written plea in SRCR320116 had the heading "In the Iowa District Court for Polk County." One of the police reports included in the minutes of testimony resulted from an interview at a Des Moines business. All facts in the minutes of evidence indicated the crime occurred in Polk County, and the Polk County District Court would have understood the address of the traffic stop as being in Polk County. There was no indication below to suggest to the court that the offense occurred anywhere besides Polk County. Gilliam's counsel did not breach a duty by failing to object to the alleged lack of county designation, and neither can Gilliam show he was prejudiced.

Furthermore, the State correctly notes that the county in which the offense occurred was not an element of the crime but rather pertained to venue. "Iowa Rule of Criminal Procedure 2.8(2)(b) requires the court to ensure the defendant's plea has a factual basis before accepting the defendant's plea. The factual basis must be contained in the record, and the record, as a whole, must disclose facts to satisfy all *elements of the offense.*" *Ortiz*, 789 N.W.2d at 767–68 (emphasis added). Venue is not an essential element of a crime. *State v. Allen*, 293 N.W.2d 16, 20 (Iowa 1980). Counsel will not be deemed ineffective for having failed to object that the factual basis for a crime is lacking if the alleged missing facts do not pertain to the elements of the crime.

We next turn to Gilliam's claim that he never waived a record of the proceedings for SRCR321488 and therefore he received ineffective assistance of counsel. Iowa Rule of Criminal Procedure 2.8(2)(b)(5) allows that, "The court may, in its discretion and with the approval of the defendant, waive" in-person plea proceedings where the underlying offense is a serious or aggravated

misdemeanor. However, rule 2.8(3) provides that "[a] verbatim record of the proceedings at which the defendant enters a plea shall be made." These rules are approximated in the written plea form Gilliam submitted in SRCR321488, which has the statement "I waive my right to have a verbatim record of these proceedings" next to a check box. Gilliam made no mark in the check box, though he did so in SRCR320116 and SRCR321474.

We reject Gilliam's claim that his trial counsel was ineffective for allowing him to plead guilty in SRCR321488 without an in-court colloquy because we find that Gilliam cannot prove he was prejudiced by his counsel's failure to seek a verbatim record.

To prove the prejudice prong of a claim of ineffective assistance of counsel, a defendant must demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *see also Hill v. Lockhart*, 474 U.S. 52, 59 (1985) ("[T]he defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.").

Here, Gilliam cannot show a reasonable probability that he would have refrained from pleading guilty and would have instead insisted on going to trial in SRCR321488. First, we note that, pursuant to the plea agreement, Gilliam's one-year sentence in SRCR321488 was to run concurrently with a cumulative ten-year sentence on his two felony convictions; therefore, his plea in SRCR321488 had no effect on his ultimate term of incarceration, which was decided by the sentences

for his two felony convictions. Second, Gilliam's plea resolved a number of charges, and there is no reasonable probability he would have disturbed the global plea agreement by contesting an in-court colloquy in SRCR321488. By agreeing to the State's plea offer, Gilliam received a substantial reduction in potential sentences and had a number of charges dismissed, including a minimum of fifty violations of a no-contact order, a driving-while-barred charge, and a habitual offender enhancement. In the two other misdemeanor cases, signed and filed on the same day as SRCR321488, Gilliam waived his right to a record. Moreover, Gilliam knew he was giving up the right to challenge defects with his plea in SRCR321488 when he signed the petition to plead guilty, in which he agreed to the following statement:

> To contest this plea I must file a Motion in Arrest of Judgment within 45 days after this plea but no later than 5 days prior to sentencing. I understand that by seeking immediate sentencing I give up this right and forever waive my right to challenge this plea and to appeal my plea.

Given the scope of the many charges resolved by Gilliam's plea and Gilliam's knowing waiver of a right to challenge his plea in SRCR321488, Gilliam cannot show a reasonable probability he would have sought a trial in SRCR321488 over the failure to waive or assert his right to a record in in SRCR321488. Therefore, his counsel was not ineffective on that ground, and we reject Gilliam's claim to the contrary.

## IV. Conclusion

We find that the district court did not abuse its discretion in granting the motion to amend the trial information in FECR324885 to include the burglary

charge that was previously filed in FECR326873, and we reject Gilliam's ineffective-assistance-of-counsel claims.  Accordingly, we affirm the convictions.

**AFFIRMED.**